**FILED**

OCT 1 6 2015

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
            DEPUTY CLERK

Priscilla Macayan
c/o 7036 Alder Creek Road
Vallejo, California [94591]
707-246-3589

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| PRISCILLA MACAYAN, | ) CASE NO: 2-15 - CV - 2 1 6 1 JAM EFB PS |
|  | ) |
| *Plaintiff* | ) **VERIFIED COMPLAINT FOR** |
| vs. | ) **DAMAGES.** |
|  | ) **VERIFIED ACTION-AT-** |
| WESTERN PROGRESSIVE, LLC; OCWEN | ) **LAW TO QUIET TITLE** |
| LOAN SERVICING, LLC, | ) |
|  | ) |
| *Defendants.* | ) |
|  | ) |
|  | ) **JURY TRIAL DEMANDED** |
|  | ) |

**COMES NOW**, Priscilla Macayan, complaining of the Defendants as follows;

## INTRODUCTION

1.   This action is an action brought by the Plaintiff for violation of Fair Debt Collection Practices Act, 15 U.S.C. §1692, and numerous offers to pay ignored.

## I.          THE PARTIES

2.   Plaintiff Priscilla Macayan is now and at all times relevant to this action as a "state" Citizen of California.   Plaintiff is a "consumer" as that term is defined within 15 U.S.C. §1692a (3).

3.  Defendant WESTERN PROGRESSIVE, LLC., ("Debt Collector") is a limited liability corporation formed under the laws of the state of Georgia.  Defendant has a principal place of business located at 2002 Summit Bird, Suite 600, Atlanta, Georgia 30319.   Defendant WESTERN PROGRESSIVE, LLC., is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

4. Defendant OCWEN LOAN SERVICING, LLC., "Debt Collector" is a limited liability corporation formed under the laws of the state of Florida.  Defendant has a principal place of business located at 1661 Worthington Rd., West Palm Beach, Florida 33409.   Defendant OCWEN LOAN SERVICING LLC., is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

## II.                  JURISDICTION AND VENUE

5. The US District Court District of California has jurisdiction pursuant to 15 U.S.C. §1692 *et, al,*  and the court has concurrent jurisdiction over Plaintiffs tort State claims. Venue is proper as the occurrences which give rise to this action took place within the State of California.  Therefore venue is proper within this court.

## III.                  FACTUAL ALLEGATIONS

6. Plaintiff brings this action regarding the Defendants, in their continued attempts to collect an alleged debt Defendants claims are owed them. Plaintiff is without knowledge of the alleged debt Defendants claim is owed. Additionally, Plaintiff sent OCWEN LOAN SERVICING, LLC. five offers to pay off the entire alleged debt, to which "OCWEN" never responded to.

7. On or about August 19, 2015, Plaintiff received a dunning notice by Defendant OCWEN LOAN SERVICING, LLC., (*see* attached "Exhibit A"). The dunning notice makes numerous claims by Defendant regarding an alleged loan. Plaintiff is without specific knowledge and evidence that supports the Defendants

claims and allegations. On the bottom of the dunning notice dated August19, 2015, it states "This communication is from a debt collector".

8. On August 26, 2015, plaintiff received a notice of trustee sale issued by Defendant WESTERN PROGRESSIVE, LLC., Demanding $628,830.23 from Plaintiff. On the bottom of the trustee sale document is a FDCPA mini Miranda warning as described in §1692e(11) that must be put on all dunning notices sent out by debt collectors in compliance with the FDCPA, which says "Western Progressive, LLC., may be acting as a debt collector". According to a case in the U.S. District court for the District of Nevada, in *Mallory v. McCarthy & Holthus, LLP*, sending foreclosure notices to delinquent borrowers constitutes debt collection activity subject to the FDCPA., especially if the notices state "this may be considered an attempt to collect a debt".

9. On or about September 18, 2015, Plaintiff served upon WESTERN PROGRESSIVE LLC, a Notice of Validation of Debt letter pursuant to 15 USC§1692, FDCPA. On September 18, 2015 Plaintiff served defendant OCWEN a notice of validation of debt letter. (see exhibit C).The notice required the Defendant " debt collector" to validate &verify their alleged debt pursuant to 15 USC§1692g which states that Defendant must respond with:

(a) Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

**COMPLAINT FOR DAMAGES**

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor According to the General Accounting Practices, OCWEN LOAN SERVICING, LLC and  WESTERN PROGRESSIVE, LLC, must be exact as to how much the alleged debt is.

10. As of the fling of this complaint, neither Defendant has responded to the validation, verification of debt request.

11. Defendants received an assignment of the mortgage after the debt was in default. According to U.S.C. Title 15, Section §1692a(4)" The term "Creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that **he receives an assignment or transfer of a debt** in default solely for the purpose of facilitating collection of such debt for another." Debt collectors are not allowed to take property.

13. This assignment was created well after the debt was in default. Additionally, this debt has been securitized and entered into a Remic trust pass through certificate. According to the purchase service agreement of this trust, once the trust is closed, there can be no more loans added or subtracted from the trust, no assignments, no more transfers, period. According to 26 U.S.C. § 860D, a Remic

trust only has 90 days to move loans in and out of the trust: 26 U.S.C. REMIC

defined:

(a) General rule For purposes of this title, the terms "real estate mortgage

investment conduit" and "REMIC" mean any entity - (1) to which an election to be

treated as a REMIC applies for the taxable year and all prior taxable years, (2) all

of the interests in which are regular interests or residual interests, (3) which has 1

(and only 1) class of residual interests (and all distributions, if any, with respect to

such interests are pro rata), **(4) as of the close of the 3rd month beginning after**

**the startup day and at all times thereafter,** substantially all of the assets of

which consist of qualified mortgages and permitted investments, (5) which has a

taxable year which is a calendar year, and (6) with respect to which there are

reasonable arrangements designed to ensure that - (A) residual interests in such

entity are not held by disqualified organizations (as defined in section 860E(e)(5),

and (B) information necessary for the application of section 860E(e) will be made

available by the entity. In the case of a qualified liquidation (as defined in section

860F(a)(4)(A), paragraph (4) shall not apply during the liquidation period (as

defined in section 860F(a)(4)(B). (b) Election (1) In general An entity (otherwise

meeting the requirements of subsection (a)) may elect to be treated as a REMIC for

its 1st taxable year. Such an election shall be made on its return for such 1st

taxable year. Except as provided in paragraph (2), such an election shall apply to

the taxable year for which made and all subsequent taxable years. (2) Termination

(A) In general If any entity ceases to be a REMIC at any time during the taxable

year, such entity shall not be treated as a REMIC for such taxable year or any

succeeding taxable year. (B) Inadvertent terminations If - (i) an entity ceases to be

a REMIC, (ii) the Secretary determines that such cessation was inadvertent, (iii) no

later than a reasonable time after the discovery of the event resulting in such

cessation, steps are taken so that such entity is once more a REMIC, and (iv) such

**COMPLAINT FOR DAMAGES**

entity, and each person holding an interest in such entity at any time during the period specified pursuant to this subsection, agrees to make such adjustments (consistent with the treatment of such entity as a REMIC or a C corporation) as may be required by the Secretary with respect to such period, then, notwithstanding such terminating event, such entity shall be treated as continuing to be a REMIC (or such cessation shall be disregarded for purposes of subparagraph (A) whichever the Secretary determines to be appropriate. Nowhere in the PSA, or the above definition does it allow for the ongoing removal of assets after the closing of the Remic.

14. How can an assignment be valid if it was made years after the trust was closed? And how can any of the Defendants attempt to collect on a debt that has already been sold to a Remic trust? Once the loan is sold, the note holder is now the Remic trust. The Defendants no longer can claim that they can foreclose on Plaintiffs Property, the Remic trust can. Plaintiff will bring up these inquiries during the discovery phase of this lawsuit.

15. The above detailed conduct by the Defendants have more to do with their deceptive and illegal acts in their attempt to collect the alleged debt, as opposed to any legitimacy of their alleged debt. The FDCPA relates to the Defendants even if they were collecting a legitimate debt. Plaintiff alleges for the record that the Defendants are not a creditor, lenders, nor mortgagees, neither did the Defendants provide any credit, or services to Plaintiff. The Defendants are a 'debt collectors' pursuant to 15 U.S.C. §1692a(6). Plaintiff alleges the FDCPA states in part;

The term "**debt collector**" means any person who used any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. **Notwithstanding the exclusion provided by clause (F) of the last sentence of**

COMPLAINT FOR DAMAGES

this paragraph, the term includes any creditor who, in the process of collecting his own debts, or used any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 808(6), such term also includes any person who used any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

16.   Plaintiff therefore seeks damages as a result of Defendant(s) acts.

## IV.                    FIRST CAUSE OF ACTION
## VIOLATION OF U.S.C. §1692, FAIR DEBT COLLECTIONS PRACTICES ACT

17.   Paragraphs 1-16 are re-alleged as though fully set out herein.

18.   All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

19.   Plaintiff is a "consumers" as defined in 15 U.S.C. §1692a(3).  Defendants are debt collectors as defined in 15 U.S.C. §1692a(6). Defendants were attempting to collect a debt used for "household purpose" as defined by 15 U.S.C. §1692a(5).

20. OCWEN LOAN SERVICING, LLC and WESTERN PROGRESSIVE LLC has submitted documents with various amounts allegedly due by plaintiff:

9/16/15 Demand letter for $683,279.24

8/19/15 Demand letter for $680,227.56

7/8/15 Demand letter for  $678,863.67

8/26/15 WESTERN PROGRESSIVE, LLC Demanding $628,830.23

This is in violation of USC Title 15 U.S.C. §1692f(1) "Attempt to collect any amount not authorized by the agreement creating the debt or permitted by law".

"OCWEN" states in these dunning notices that they are charging fees, other charges, escrow advance and interest. There is no contract or agreement between Plaintiff and Defendants authorizing such charges. (See exhibit D)

21.   Plaintiff served Defendants with a Notice of Dispute in compliance with 15 U.S.C. §1692g. 15 U.S.C. §1692g requires Defendants to provide Plaintiff with verification of the alleged debt once received. 15 U.S.C. §1692g(5)(b) requires Defendants to cease all collection activity until the debt collector obtains *verification* of the alleged debt.  Defendants have failed to provide one scintilla of proof of their alleged debt.  However Defendants continue to make attempts at collection of the alleged debt through threats to sell Plaintiffs Property on October 2, 2015.

22.   Defendants have violated the FDCPA, and caused damages to Plaintiff by their failure to comply with the Act.   Defendant's violations include, but are not limited to the following:

   a.  Defendants  have violated 15 U.S.C. §1692d of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt and;

   b.  Defendants  have violated 15 U.S.C. §1692(j) "by using unfair or unconscionably means in connection with the collection of an alleged debt;

   c.  Defendants have violated 15 U.S.C. §1692(i), "Any contest over real property must be brought before a judicial court as a judicial action". This means there can be no "non judicial foreclosure by a debt collector". Defendants  attempted to sell on October 2, 2015.

d. Defendants have violated 15 U.S.C. §1692f(1) "Attempt to collect any amount not authorized by the agreement creating the debt or permitted by law".

e. Defendants have violated §1692g by not validating, verifying alleged debt.

23. Specifically Defendants knew it was not entitled to collect on the non-existent debt.

24. Defendants were fully aware that they were/are unable to provide a performance contract executed by Plaintiffs, whereby Plaintiffs are obligated to Defendants.

25. Defendants allege by operation defendants of, execution and filing of the "assignment" Plaintiff became obligated to defendants, and defendants by in large became Plaintiffs creditor.

26. The Assignment in part alleges" valuable consideration" was given to MERS and that both alleged Note and Deed of Trust (Mortgage) was transferred and negotiated to the defendant.

27. Plaintiff seeks judicial determinations as to whether the recorded Assignment of Deed of Trust (Mortgage) and the alleged Note executed by MERS conferred any rights, title and interest in the Plaintiff's subject property. Additionally, Plaintiffs request the court declare whether "valuable consideration" as stated in the assignment is actually monetary or non- monetary in nature of "consideration" and or "valuable consideration".

28. Plaintiff is also entitled to trial and discovery, to afford defendants the opportunity to prove that MERS is named on the Note, take payments on the alleged debt in any manner, whether MERS ever had possession of any alleged Note, and proof defendant paid MERS any monetary value for such alleged debt.

29. Plaintiff is unable to ascertain the validity of defendants alleged debt and the amounts they claim is due and owing. Plaintiff denies any loan was received by the alleged original creditor and is entitled to discovery and trial to determine is ever such a loan was funded to the Plaintiff. Furthermore, Plaintiff is unable to determine the validity of defendants purported assignment of the alleged debt for the following reasons:

   1. Firstly Plaintiff is not familiar and or otherwise is not provided with the definition of  the term "valuable consideration" as is the verbiage used on the assignment to defendants.

   2. Secondly, it is the Plaintiff understanding that the term "valuable consideration" can be non – monetary in nature.

   3. Thirdly, Plaintiff upon the information and belief understands that MERS is not named on the alleged Note, and never has possession of any alleged Notes. MERS could not have transferred, nor received any consideration and or  valuable consideration as alleged in this assignment.

30. Specifically Defendants knew they were not entitled to collect on the non-existent debt.

31. Defendants were fully aware that they were unable to provide a performance contract executed by Plaintiff, whereby Plaintiff are obligated to Defendant.

32. Defendants are therefore liable unto Plaintiff pursuant to 15 U.S.C. §1692(k) in the amount of $1,000 plus punitive, consequential, treble damages, and actual damages.

V    **SECOND CAUSE OF ACTION**

    **GOOD-FAITH OFFERS TO PAY IGNORED**

A.  By Certified Mail No.: 7011 1570 0003 1402 8437, dated April 26, 2013, 2013 sent BANK OF AMERICA, N.A. sent to OCWEN LOAN

SERVICING, LLC, Plaintiff made her original GOOD-FAITH OFFER TO PAY THE ENTIRE AMOUND DUE, requesting the entire amount alledgedly due, and requested a place to take the cash to pay off alleged debt in exchange for the note, which was neither accepted nor rejected. According to the mandates of well-settled American Law and Jurisprudence, which caused the alleged Loan to be completely and totally Discharged. (See exhibit E)

B.  By Certified Mail No.: 7011 1570 0003 1402 8451  dated May 10, 2013, sent to OCWEN LOAN SERVICING, LLC and 7008 3230 0000 2154 8452, BANK OF AMERICA, N.A Plaintiff presented her original NOTICE OF DEFAULT AND OPPORTUNITY TO CURE WITH ANOTHER GOOD-FAITH OFFER TO PAY THE ENTIRE AMOUNT DUE, requesting a Verified Accounting, and to know where to personally bring the legal tender cash in order to trade it for and to retrieve the original lawfully endorsed Promissory Note and Trust Deed or Mortgage in order to complete the original contracted transaction. This communication was also neither accepted nor rejected according to the mandates of well-settled American Law and Jurisprudence, which again caused any part of the alleged Loan that was reinstated by the subject NOTICE OF DEFAULT AND OPPORTUNITY TO CURE, to be completely and totally Discharged AGAIN. (See exhibit E)

C.  By Certified Mail No.: 7011 1570 0003 1402 8482, dated May 23,2013 Plaintiff sent to OCWEN,  Plaintiff presented her original NOTICE OF DEFAULT AND OPPORTUNITY TO CURE WITH ANOTHER GOOD-FAITH OFFER TO PAY THE ENTIRE AMOUNT DUE,  requesting a Verified Accounting, and to know where to personally bring the legal tender cash in order to trade it for and to retrieve the original lawfully endorsed

**COMPLAINT FOR DAMAGES**

Promissory Note and Trust Deed or Mortgage in order to complete the original contracted transaction. This communication was also neither accepted nor rejected according to the mandates of well-settled American Law and Jurisprudence, which again caused any part of the alleged Loan that was reinstated by the subject NOTICE OF DEFAULT AND OPPORTUNITY TO CURE, to be completely and totally Discharged AGAIN. (See exhibit E)

D.  By Certified Mail No.: 7011 1570 0003 1402 8550, dated June 8, 2013 sent to OCWEN LOAN SERVICING, LLC Plaintiff presented her original NOTICE OF DEFAULT AND OPPORTUNITY TO CURE WITH ANOTHER GOOD-FAITH OFFER TO PAY THE ENTIRE AMOUNT DUE,  requesting a Verified Accounting, and to know where to personally bring the legal tender cash in order to trade it for and to retrieve the original lawfully endorsed Promissory Note and Trust Deed or Mortgage in order to complete the original contracted transaction. This communication was also neither accepted nor rejected according to the mandates of well-settled American Law and Jurisprudence, which again caused any part of the alleged Loan that was reinstated by the subject NOTICE OF DEFAULT AND OPPORTUNITY TO CURE, to be completely and totally Discharged AGAIN. (See exhibit E)

E.  By Certified Mail No.: 7011 1570 0003 1402 8550 dated June 22, 2013 sent to OCWEN LOAN SERVICING, LLC, Plaintiff presented her original NOTICE OF DEFAULT AND OPPORTUNITY TO CURE WITH ANOTHER GOOD-FAITH OFFER TO PAY THE ENTIRE AMOUNT DUE, requesting a Verified Accounting, and to know where to personally bring the legal tender cash in order to trade it for and to retrieve the original lawfully endorsed Promissory Note and Trust Deed or Mortgage in order to

complete the original contracted transaction. This communication was also neither accepted nor rejected according to the mandates of well-settled American Law and Jurisprudence, which again caused any part of the alleged Loan that was reinstated by the subject NOTICE OF DEFAULT AND OPPORTUNITY TO CURE, to be completely and totally Discharged AGAIN. (See exhibit E)

**OFFER TO PAY**

**Full Faith and Credit - Memorandum of Law**

**Uniform Commercial Code, 3 Section 603 (b).**

Tender of Payment.

§ 3-603. TENDER OF PAYMENT.

(a) If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument, the effect of tender is governed by principles of law applicable to tender of payment under a simple contract.

CALIFORNIA COMMERCIAL CODE

SECTION 3601-3605

3601. (a) The obligation of a party to pay the instrument is discharged as stated in this division or by an act or agreement with the party which would discharge an obligation to pay money under a simple contract.

(b) Discharge of the obligation of a party is not effective against a person acquiring rights of a holder in due course of the instrument without notice of the discharge.

3602. (a) Subject to subdivision (b), an instrument is paid to the extent payment is made (1) by or on behalf of a party obliged to pay

**COMPLAINT FOR DAMAGES**

the instrument, and (2) to a person entitled to enforce the instrument. To the extent of the payment, the obligation of the party obliged to pay the instrument is discharged even though payment is made with knowledge of a claim to the instrument under Section 3306 by another person.

(b) The obligation of a party to pay the instrument is not discharged under subdivision (a) if either of the following applies:

(1) A claim to the instrument under Section 3306 is enforceable against the party receiving payment and (A) payment is made with knowledge by the payor that payment is prohibited by injunction or similar process of a court of competent jurisdiction, or (B) in the case of an instrument other than a cashier's check, teller's check, or certified check, the party making payment accepted, from the person having a claim to the instrument, indemnity against loss resulting from refusal to pay the person entitled to enforce the instrument.

(2) The person making payment knows that the instrument is a stolen instrument and pays a person it knows is in wrongful possession of the instrument.


3603.  (a) If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument, the effect of tender is governed by principles of law applicable to tender of payment under a simple contract.

(b) If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument and the tender is refused, there is discharge, to the extent of the amount of the

tender, of the obligation of an indorser or accommodation party having a right of recourse with respect to the obligation to which the tender relates.

(c) If tender of payment of an amount due on an instrument is made to a person entitled to enforce the instrument, the obligation of the obligor to pay interest after the due date on the amount tendered is discharged. If presentment is required with respect to an instrument and the obligor is able and ready to pay on the due date at every place of payment stated in the instrument, the obligor is deemed to have made tender of payment on the due date to the person entitled to enforce the instrument.

3604.  (a) A person entitled to enforce an instrument, with or without consideration, may discharge the obligation of a party to pay the instrument (1) by an intentional voluntary act, such as surrender of the instrument to the party, destruction, mutilation, or cancellation of the instrument, cancellation or striking out of the party's signature, or the addition of words to the instrument indicating discharge, or (2) by agreeing not to sue or otherwise renouncing rights against the party by a signed writing.

(b) Cancellation or striking out of an endorsement pursuant to subdivision (a) does not affect the status and rights of a party derived from the endorsement.

3605.  (a) In this section, the term "endorser" includes a drawer having the obligation described in subdivision (d) of Section 3414.

(b) Discharge, under Section 3604, of the obligation of a party to

pay an instrument does not discharge the obligation of an endorser or accommodation party having a right of recourse against the discharged party.

(c) If a person entitled to enforce an instrument agrees, with or without consideration, to an extension of the due date of the obligation of a party to pay the instrument, the extension discharges an endorser or accommodation party having a right of recourse against the party whose obligation is extended to the extent the endorser or accommodation party proves that the extension caused loss to the endorser or accommodation party with respect to the right of recourse.

(d) If a person entitled to enforce an instrument agrees, with or without consideration, to a material modification of the obligation of a party other than an extension of the due date, the modification discharges the obligation of an endorser or accommodation party having a right of recourse against the person whose obligation is modified to the extent the modification causes loss to the endorser or accommodation party with respect to the right of recourse. The loss suffered by the indorser or accommodation party as a result of the modification is equal to the amount of the right of recourse unless the person enforcing the instrument proves that no loss was caused by the modification or that the loss caused by the modification was an amount less than the amount of the right of recourse.

(e) If the obligation of a party to pay an instrument is secured by an interest in collateral and a person entitled to enforce the instrument impairs the value of the interest in collateral, the

obligation of an endorser or accommodation party having a right of recourse against the obligor is discharged to the extent of the impairment. The value of an interest in collateral is impaired to the extent (1) the value of the interest is reduced to an amount less than the amount of the right of recourse of the party asserting discharge, or (2) the reduction in value of the interest causes an increase in the amount by which the amount of the right of recourse exceeds the value of the interest. The burden of proving impairment is on the party asserting discharge.

(f) If the obligation of a party is secured by an interest in collateral not provided by an accommodation party and a person entitled to enforce the instrument impairs the value of the interest in collateral, the obligation of any party who is jointly and severally liable with respect to the secured obligation is discharged to the extent the impairment causes the party asserting discharge to pay more than that party would have been obliged to pay, taking into account rights of contribution, if impairment had not occurred. If the party asserting discharge is an accommodation party not entitled to discharge under subdivision (e), the party is deemed to have a right to contribution based on joint and several liability rather than a right to reimbursement. The burden of proving impairment is on the party asserting discharge.

(g) Under subdivision (e) or (f), impairing value of an interest in collateral includes (1) failure to obtain or maintain perfection or recordation of the interest in collateral, (2) release of collateral without substitution of collateral of equal value, (3) failure to perform a duty to preserve the value of collateral owed,

under Division 9 (commencing with Section 9101) or other law, to a
debtor or surety or other person secondarily liable, or (4) failure
to comply with applicable law in disposing of collateral.

(h) An accommodation party is not discharged under subdivision
(c), (d), or (e) unless the person entitled to enforce the instrument
knows of the accommodation or has notice under subdivision (c) of
Section 3419 that the instrument was signed for accommodation.

(i) A party is not discharged under this section if (1) the party
asserting discharge consents to the event or conduct that is the
basis of the discharge, or (2) the instrument or a separate agreement
of the party provides for waiver of discharge under this section
either specifically or by general language indicating that parties
waive defenses based on suretyship or impairment of collateral.

(b) **If tender of payment of an obligation to pay an instrument is made
to a person entitled to enforce the instrument and the tender is refused,
there is discharge,** to the extent of the amount of the tender, of the
obligation of an indorser or accommodation party having a right of recourse
with respect to the obligation to which the tender relates.

(c) If tender of payment of an amount due on an instrument is made to a
person entitled to enforce the instrument, the obligation of the obligor to pay
interest after the due date on the amount tendered is discharged. If
presentment is required with respect to an instrument and the obligor is able
and ready to pay on the due date at every place of payment stated in the
instrument, the obligor is deemed to have made tender of payment on the
due date to the person entitled to enforce the instrument.

"If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument and the instrument is refused, there is discharge, to the extent of the amount of the tender of the obligation of an indorser or accommodation party having a right of recourse with respect to the obligation to which the tender relates".

**Uniform Commercial Code, 3 Section 604.**

Tender of Payment.

(1)     Any party making full tender of payment to a holder when or after it is due is discharged to the extent of all subsequent liability for interest, costs, and attorney's fees.

(2)     **The holder's refusal of such tender wholly discharges** any party who has a right of recourse against the party making tender.

(3)     Where the maker or acceptor of an instrument payable otherwise than on demand is able and ready to pay at every place of payment specified in the instrument when it is due is equivalent to tender.

(4)     Definition of tender of payment, business dictionary: "Unconditional offer to pay the exact amount to satisfy a debt, in lieu of actual payment. A tender of payment may save the tendering party from the penalty for nonpayment if the other party refuses the tender without just cause".

(5)     Definition of tender in free dictionary:

33. An offer of money; the act by which one individual offers someone who is holding a claim or demand against him or her the amount of money that the offerer

regards and admits is due, in order to satisfy the claim or demand, in the absence of any contingency or stipulation attached to the offer.

34. The two essential characteristics of tender are an unconditional offer to perform, together with manifested ability to do so, and the production of the subject matter of tender. The term is generally used in reference to an offer to pay money; however, it may properly be used in reference to an offer of other kinds of property.

35. "Operation of law means the practical effect of what the law is intended to be on the subject".

> American Bitumuls & Asphalt Co. v. U.S., Cust.Ct. 146 F.Supp. 703, 713, 714.

> "In its usual signification, "operation of law" is generally applicable to matters involving title and refers to situations in which rights, and sometimes liabilities, are created without actions by the parties; it is said also to mean the obligation of law; or its practical working and effect".

> American Bitumuls & Asphalt Co. v. U.S., Cust.Ct. 146 F.Supp. 703, 713, 714.

## DEFAULT.

36. "Default. By its derivation, a failure. An omission of that which ought to be done. Town of Milton v. Bruso, 111, Vt. 82, 10 A.2d 203, 205. Specifically, the omission or failure to perform a legal or contractual duty, Easterwood v. Willingham, Tex.Civ.App., 47S.W2d. 393, 395; to observe a promise or discharge an obligation (e.g. to pay interest or principal on a debt when due), Bradbury v. Thomas, 135 Cal.App. 435, 27 P.2d 402; or to perform an agreement, Eastman v. Morgan, D.C.N.Y., 43 F.Supp. 637, 641. The term also embraces the idea of dishonest, and of wrongful act, Greco v. S.S. Kresge Co., 277 N.Y. 26, 12 N.E.2d

557, 52; or an act of omission discreditable to one's profession, Hilkert v. Canning, 58 Ariz. 290, 119 P.2d 233, 236."

Black's Law Dictionary, Sixth Edition, page 417.

## DISCHARGE.

37. "As applied to demands, claims, rights of action, incumbrances, etc., to discharge the debt or claim is to extinguish it, to annul its obligatory force, to satisfy it..."

Black't Law Dictionary, Fourth Edition, page 549.

## TENDER.

38. Black's Law Dictionary, 4th Edition, page 1637, "TENDER":

"The offer of performance, not performance itself, and when **unjustifiably refused**, places other party in default and permits party making tender to exercise remedies for breach of contract". (Walker v. Houston, 215 Cal. 742, 12 P.2d 952, 953, 87 A.L.R. 937.) (Emphasis added)

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request the following relief to be awarded for each Cause of Action:

a. For Declaratory Relief, including the following Decrees of this Court that:

b. Plaintiffs requests a determination of the court to determine if Defendants in fact is "debt collector" and or "creditor" as defined in Defendants communications, or the act itself.

c. That Defendants are prohibited from sending any additional notices making demands of Plaintiff regarding such alleged debt;

d. Actual, and statutory damages in an amount determined at trial, and within the jurisdictional amount of this court;

e. Awarding Plaintiffs any pre- judgment and post – judgment interest as may be allowed under the law.

1)    Declare the subject Trust Deed or Mortgage to be null and void;

2)    Declare the subject Promissory Note to be declared fully discharged;

3)    For a declaration and determination that Plaintiff is the rightful holder, owner in Alodium of title to the subject private land and that Defendants, herein, and each of them, be declared to have absolutely no estate, right, title, interest, use or control in said private land adverse to the plaintiff;

4)    For prohibitive relief that defendants be enjoined from making any further claim to the subject private land and house adverse to plaintiff, by any legal action, foreclosure, or otherwise;

5)    For costs of suit herein occurred; and any other such damages deemed appropriate by the court.

**Jury trial is demanded.**

Dated:   10 / 11 / 2015

By: _____

Priscilla Macayan, *Consumer Plaintiff*

**COMPLAINT FOR DAMAGES**

# EXHIBIT "A"

## DUNNING NOTICE FROM DEFENDANT OCWEN"

### Dated- 04/26/14

EXHIBIT "A



## Ocwen Loan Servicing, LLC
### WWW.OCWEN.COM
*Helping Homeowners is What We Do!™*

1661 Worthington Road, Ste 100
West Palm Beach, FL 33409
Toll Free: (800) 746-2936

04/26/14

Loan Number: 7130791051

Guillermo A Macayan Priscilla R Macayan
1191 LEGEND CIR
VALLEJO, CA 945918691

Property Address: 7036 Alder Creek Rd
Vallejo, CA 94591

## Re: Delinquency Information

Dear Guillermo A Macayan
Priscilla R Macayan

**We are providing the information in this notice because, as of the date of this letter, the above account is delinquent.**

### **DELINQUENCY NOTICE**

**You are late on your mortgage payments.** As of 04/26/14, you are 2065 days delinquent on your mortgage loan. Your account first became delinquent on 09/02/08. Failure to bring your loan current may result in fees and foreclosure – the loss of your home.

Recent Account History

- Payment due 01/04/14: UNPAID AMOUNT OF $3765.86
- Payment due 12/04/13: UNPAID AMOUNT OF $3765.86
- Payment due 11/04/13: UNPAID AMOUNT OF $3765.86
- Payment due 10/04/13: UNPAID AMOUNT OF $3765.86
- Payment due 09/04/13: UNPAID AMOUNT OF $3765.86
- Payment due 08/04/13: UNPAID AMOUNT OF $3765.86

- **Total: $202983.86. You must pay this amount to bring your loan current.**
  This amount may not include all fees and charges, as all fees and charges may not have been billed or posted to your account as of the letter date. Please contact us for your current reinstatement amount or payoff amount.

**If You Are Experiencing Financial Difficulty:** If you are experiencing financial difficulties and would like counseling or assistance, you can contact the U.S. Department of Housing and Urban Development (HUD). For a list of homeownership counselors or counseling organizations in your area, go to www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm or call 800-569-4287.

NMLS # 1852                                                                                                    MADNRM

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*

15 USC 1692(a)(6)

EXHIBIT "A"



**Ocwen Loan Servicing, LLC**
WWW.OCWEN.COM
*Helping Homeowners is What We Do!™*

1661 Worthington Road, Ste 100
West Palm Beach, FL 33409
Toll Free: (800) 746-2936

Should you have any questions or concerns, or believe an error has occurred, please contact us immediately 800-746-2936. We are available to assist you Monday through Friday 8:00 am to 9:00 pm ET, Saturday 8:00am to 5:00 pm ET, and Sunday 9:00am to 9:00 pm ET.

If you would like to submit a qualified written request, a notice of error, or a request for information, you must use the following address:

**Research Department,** P.O. Box 24736, West Palm Beach, Florida 33416-4736.

If you have any further questions regarding this letter, your account or options that we may have available, you may schedule an appointment with your Home Retention Specialist, Barbara, Contreras G, by contacting us at (800) 746-2936, Barbara, Contreras G is your designated contact for inquiries and the submission of documents as needed.

Sincerely,

Ocwen Loan Servicing, LLC

Please Note: This is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you have an active bankruptcy case or have received an Order of Discharge from a Bankruptcy Court, the following Notice Regarding Bankruptcy applies.

Notice Regarding Bankruptcy: Please be advised that if you are part of an active Bankruptcy case or if you have received an Order of Discharge from a Bankruptcy Court, this letter is in no way an attempt to collect either a pre-petition, post petition or discharged debt. If your bankruptcy case is still active, no action will be taken in willful violation of the Automatic Stay. If you have received an Order of Discharge in a Chapter 7 case, any action taken by us is for the sole purpose of protecting our lien interest in the underlying mortgaged property and is not an attempt to recover any amounts from you personally. Finally, if you are in an active Chapter 11, 12 or 13 bankruptcy case and an Order for Relief from the Automatic Stay has not been issued, you should continue to make payments in accordance with your plan.

NMLS # 1852                                                                                                    MADNRM
*This communication is from a debt collector attempting to collect a debt any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*

15 USC 1692 (a)(6)

EXHIBIT "A"



**Ocwen Loan Servicing, LLC**
WWW.OCWEN.COM
*Helping Homeowners is What We Do!™*

1661 Worthington Road, Ste 100
West Palm Beach, FL 33409
Toll Free: (800) 746-2936

12/23/14

Guillermo A Macayan
1191 LEGEND CIR
VALLEJO CA 945918691

Loan Number: 7130791051

Requestor Fax Number:
Requestor Email Address:

## REINSTATEMENT QUOTE

### TO BRING YOUR LOAN CURRENT, PLEASE SUBMIT PAYMENT BY 02/01/15

Dear Customer(s),

Thank you for working with us to catch up on your mortgage payments. As Of 01/22/15 the total amount to reinstate your loan is shown below.

| Description | Amount |
|---|---|
| Interest Due | 99,264.70 |
| Escrow Payment | 120,023.75 |
| Total Amount Due to Reinstate | $219,288.45 |

| Description | Amount |
|---|---|
| Late Charge Due | 1,142.22 |
| Property Inspection Fee | 333.75 |
| Property Maintenance Expense | 368.00 |
| Trustee Fee | 600.00 |
| Notice of Default Recording | 32.00 |
| Fee/Recording | 18.50 |
| Miscellaneous Recording | 16.00 |
| Certified Mail Cost | 6.53 |
| Title Search | 1,166.00 |
| Court | 2,429.54 |
| Delivery / Mail Cost | 34.00 |
| Title Reports | 825.00 |
| Total Other Amounts Outstanding and Due | $6,971.54 |

**IMPORTANT: Partial payments will be returned. Please only send the full amount due.**

**If you can't afford your payment, we are here to help!**

If you cannot pay the total reinstatement amount on or before 02/01/15, contact Ocwen immediately at 1(800) 746-2936 to discuss your options. We are available Monday through Friday 8:00 am to 9:00 pm, Saturday 8:00 am to 5:00 pm and Sunday 9:00 am to 9:00 pm ET.

The sooner you contact us, the sooner we can help! We have experts available to help review our programs that best fit

NMLS # 1852

**REINSTEFM.29**

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

15 USC 1692(a)(6)

# EXHIBIT "B"

**Dunning letter "Notice of Default and Election to Sell under DEED OF TRUST" from WESTERN PROGRESSIVE, LLC**

EXHIBIT"B"

RECORDING REQUESTED BY:

Premium Title of California

WHEN RECORDED MAIL TO:

Western Progressive, LLC

2002 Summit Blvd, Suite 600

Atlanta, GA 30319

*confirm*

Recorded in Official Records,
Solano County,
Doc#: 201400071451
9/10/2014        2:08 PM

---

Loan No.: 7130791051

TS No. 2014-03866-CA
APN No.:0182-421-050

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER
## DEED OF TRUST

**PURSUANT TO CIVIL CODE § 2923.3(a), THE SUMMARY OF INFORMATION REFERRED TO BELOW IS NOT ATTACHED TO THE RECORDED COPY OF THIS DOCUMENT BUT ONLY TO THE COPIES PROVIDED TO THE TRUSTOR.**

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACION DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

### IMPORTANT NOTICE
IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION, and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until approximately 90 days from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is $317,490.16 as of 09/06/2014, and will increase until your account becomes current. While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

:2014-03866-CA

— COPY —

2289365302

Page 1

010/003☑    11/13/2003 18:11 FAX 17074211338

EXHIBIT "B"

Loan No.: 7130791051                                      TS No. 2014-03866-CA

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than three months after this notice of default is recorded) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:   *No Creditor*

Ocwen Loan Servicing, LLC Bank of America, National Association By Ocwen Loan Servicing, LLC, its attorney in-fact

C/O Western Progressive, LLC

30 Corporate Park, Suite 450

Irvine, California 92606

Phone: 877-596-8580

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure. Remember, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

'Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.'

NOTICE IS HEREBY GIVEN: That Western Progressive, LLC is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated 05/13/2005, executed by, GUILLERMO A. MACAYAN AND PRISCILLA R. MACAYAN, HUSBAND AND WIFE, as Trustor, to secure certain obligations in favor of DHI MORTGAGE COMPANY, LTD., L.P., A LIMITED PARTNERSHIP, AS LENDER, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS BENEFICIARY, recorded 05/19/2005, as Instrument No. 200500073330, in Book ---, Page --, of Official Records in the Office of the Recorder of Solano County, California describing land

TS:2014-03866-CA                                                      Page 2

EXHIBIT "B"

Loan No.: 7130791051                              TS No. 2014-03866-CA

therein as: As more particularly described on said Deed of Trust.

Street Address or other common designation of real property:     7036 ALDER CREEK ROAD, VALLEJO, CA 94591

The subject obligation includes ONE NOTE(S) FOR THE ORIGINAL sum of 530,480.00.  A breach of, and default in,  the obligations for which such Deed of Trust is security has occurred in that payment has not been made of the following:

Installment of interest only payments which became due on 09/01/2008 plus late charges if any, and all subsequent interest, advances, late charges and foreclosure fees and costs that become payable.

You are responsible to pay all payments and charges due under the terms and conditions of the loan documents which come due subsequent to the date of this notice, including, but not limited to, foreclosure trustee fees and costs, advances and late charges.

Furthermore, as a condition to bring your account in good standing, you must provide the undersigned with written proof that you are not in default on any senior encumbrance and provide proof of insurance.

Nothing in this notice of default should be construed as a waiver of any fees owing to the beneficiary under the deed of trust, pursuant to the terms and provisions of the loan documents.

That by reason thereof, the present beneficiary under such deed of trust, has delivered to said duly appointed Trustee, a written request to commence foreclosure, and has deposited with said duly appointed Trustee, a copy of the deed of trust and other documents evidencing the obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

"See Attached Declaration"

WE ARE ASSISTING THE BENEFICIARY TO COLLECT A DEBT AND ANY INFORMATION WE OBTAIN WILL BE USED FOR THE PURPOSE BY EITHER OURSELVES OR THE BENEFICIARY, WHETHER RECEIVED ORALLY OR IN WRITING.  YOU MAY DISPUTE THE DEBT OR A PORTION THEREOF WITHIN THIRTY (30) DAYS.  THEREAFTER WE WILL OBTAIN AND FORWARD TO YOU WRITTEN VERIFICATION THEREOF.  SHOULD YOU NOT DO SO, THE DEBT WILL BE CONSIDERED VALID.  IN ADDITION, YOU MAY REQUEST THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT FROM THE CURRENT ONE.

2. The mortgage servicer has exercised due diligence to contact the borrower pursuant to California Civil Code § 2923.55(f) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Thirty (30) days, or more, have passed since these due diligence requirements were satisfied.

Dated: September 15, 2014          Western Progressive, LLC, as agent for beneficiary
                                    C/O 30 Corporate Park Suite 450
                                    Irvine, CA 92606
                                    Beneficiary Phone: 877-595-8560


                                    Tamika Y. Smith, Trustee Sale Assistant

TS:2014-03866-CA                                                    Page 3



11/13/2003 18:12 FAX  17074211338

EXHIBIT "B"

## California Declaration of Compliance
### (Civ. Code § 2923.55(c))

Borrower(s):  Guillermo A Macayan
Priscilla R Macayan
Loan No.:  7130791051

The undersigned declares as follows:

I am employed by the undersigned mortgage servicer, and I have reviewed its business records for the borrower's loan, including the borrower's loan status and loan information, to substantiate the borrower's present loan default and the right to foreclose. The information set forth herein is accurate, complete and supported by competent and reliable evidence that I have reviewed in the mortgage servicer's business records. Those records reflect *one* of the following.

☐     The mortgage servicer contacted the borrower to assess the borrower's financial situation and to explore options for the borrower to avoid foreclosure as required by California Civil Code § 2923.55. Thirty days, or more, have passed since the initial contact was made.

☑     The mortgage servicer has exercised due diligence to contact the borrower pursuant to California Civil Code § 2923.55(f) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Thirty (30) days, or more, have passed since these due diligence requirements were satisfied.

☐     The mortgage servicer was not required to comply with California Civil Code § 2923.55 because the individual does not meet the definition of a "borrower" under Civil Code §2920.5(c).

☐     The mortgage servicer was not required to comply with California Civil Code § 2923.55 because the above-referenced loan is not secured by a first lien mortgage or deed of trust that secures a loan on "owner-occupied" residential real property as defined by California C   Code § 2924.15(a)

Signed and Dated:

By: Ocwen Loan Servicing, LLC, as Servicer for Bank of America, National Association

| Matthew Owens    Contract Management Coordinator | _(signature)_ | 5/12/14 |
|---|---|---|
| Print Name | Signature | Date |

EXHIBIT"B"

## California Declaration of Compliance
### (Civ. Code § 2923.55(c))

Borrower(s):  Guillermo A Macayan
Priscilla R Macayan

Loan No.:  7130791051

The undersigned declares as follows:

I am employed by the undersigned mortgage servicer, and I have reviewed its business records for the borrower's loan, including the borrower's loan status and loan information, to substantiate the borrower's present loan default and the right to foreclose. The information set forth herein is accurate, complete and supported by competent and reliable evidence that I have reviewed in the mortgage servicer's business records. Those records reflect *one* of the following:

☐   The mortgage servicer contacted the borrower to assess the borrower's financial situation and to explore options for the borrower to avoid foreclosure as required by California Civil Code § 2923.55. Thirty days, or more, have passed since the initial contact was made.

☑   The mortgage servicer has exercised due diligence to contact the borrower pursuant to California Civil Code § 2923.55(f) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Thirty (30) days, or more, have passed since these due diligence requirements were satisfied.

☐   The mortgage servicer was not required to comply with California Civil Code § 2923.55 because the individual does not meet the definition of a "borrower" under Civil Code §2920.5(c).

☐   The mortgage servicer was not required to comply with California Civil Code § 2923.55 because the above-referenced loan is not secured by a first lien mortgage or deed of trust that secures a loan on "owner-occupied" residential real property as defined by California Civil Code § 2924.15(a)

Signed and Dated:

By: Ocwen Loan Servicing, LLC, as Servicer for Bank of America, National Association

Matthew Owens     Contract Management Coordinator

_____          _____     _____
Print Name                                Signature                             Date

# EXHIBIT "C"

**Notice of Dispute and Validation of Debt to defendant "Western  Progressive, LLC"**

**Notice of Dispute and Validation of Debt to defendant" OCWEN LOAN SERVICING, LLC**

Priscilla Macayan, *Consumer Plaintiff*  
c/o 7036 Alder Creek Road  
Vallejo, California [94591]

September 18, 2015

WESTERN PROGRESSIVE, LLC  
2002 Summit Blvd. Suite 600  
Atlanta, Georgia 30319

RE: Re: Notice of Dispute Demand for Verification/ Validation of Alleged Debt and Intent to Litigate

Legal Department;

I recently checked the county recording and Foreclosure Profile Report, which shows WESTERN

PROGRESSIVE, LLC as trustee for an alleged Mortgage/ Deed of Trust, which is also a threat of to sell my

house. This notice will be considered a "communication" with both state and the federal consumer

protection laws respectively.

Based upon the information contained in your dunning notice, and my lack of knowledge of an

established business relationship, and or written contract with your company, your alleged debt is hereby

disputed in its entirely, including amount alleged to be due and owing.

Be advised the above named person is " consumer" as the term is defined in 15 USC§1692a(3),

FDCPA, and California Rosenthal Act (herein after " CRA") 1788.2(g)(h), Upon information and belief your

company is attempting to collect a " debt" pursuant to 15 USC§1692a (5), California Rosenthal Act 1788.

Based upon documentary evidence available to me, your company appears to have obtained the alleged

debt while in default (the assignment or transfer), therefore your are not a" creditor" as defined in 15

USC§1692a(4), California Rosenthal Act 1788.2(i).

Notwithstanding your company is considered a" debt collector" as defined by USC§1692a(6),

California Rosenthal Act 1788.2(c),

1  
CONSUMER NOTICE OF DISPUTE AND INTENT TO FILE SUIT

In light of this fact, you are required to comply with all state and federal consumer protection laws.

In concluding, should your company continue collections of the alleged debt, prior to complying with the consumer protections statutes of this state and federal laws, suit may be filed against you without further notice.

Warmest Regards

Priscilla Macayan, *Consumer Plaintiff*

Cc File: NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

Certified Mail # 7013 - 2250 · 0000 · 6504 - 6036

CONSUMER NOTICE OF DISPUTE AND INTENT TO FILE SUIT

```
==========================================
          SPRINGTOWN STATION
       100 ADMIRAL CALLAHAN LN
         VALLEJO, CA 94591-9991

09/18/2015                    08:52:35 PM
==========================================

                 Sales Receipt
Product         Sale     Unit      Final
Description      Qty     Price     Price


$7.18 Stamps      2     $7.18     $14.36

Total:                            ==========
                                   $14.36

Paid by:
VISA                              $14.36
   Account #:     XXXXXXXXXXXXX9286
   Approval #:    228135
   Transaction #:  998
   23-902350438-99

SSK Transaction #:      51
USPS® #                 058065-9550

             Thanks.
      It's a pleasure to serve you.

ALL SALES FINAL ON STAMPS AND POSTAGE.
REFUNDS FOR GUARANTEED SERVICES ONLY.

   Today's Postal Service is hiring!
     Immediate openings available for
City Carrier Assistants (CCA) in many
  locations nationwide! Apply today at
         www.usps.com/employment.
```

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com℠

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To *Western Progressive, LLC*
Street, Apt. No.; or PO Box No. *2002 Summit Blvd. Ste 600*
City, State, ZIP+4 *Atlanta, Georgia, 30319*

PS Form 3800, August 2006     See Reverse for Instructions

7012 1750 0000 6504 9096

Priscilla Macayan, *Consumer Plaintiff*                                    September 18, 2015
c/o 7036 Alder Creek Road
Vallejo, California [94591]

OCWEN LOAN SERVICING,LLC
1661  Worthington Road, Ste 100
West Palm Beach , Florida 33409

Re: Notice of Dispute Demand for Verification/ Validation of Alleged Debt and Intent to Litigate

     I  received a dunning letter from your entity that alleged your position as a servicer for a mortgage/

Deed of Trust allegedly executed with Bank of America, N,A.(*See  attachment*) Accordingly my record

reflects you are not, neither have you ever been known *Creditor* of mine, or one that I have conducted any

consumer transaction with. Therefore I know your identity at this time, and you appear to not be a known

party to any transaction that I **RECALL.** This requires further information and documentation from you to

verify your status and capacity. Therefore I am respectfully demanding verification and or validation of any

alleged debt pursuant to 15  USC§1692g, 15 USC§1681 and California Rosenthal Act 1788.1 respectively.

Since you claim to be acting in the capacity of an " alleged servicer" acting in and for alleged Lender, this

notice may be construed as Qualified Written Request ( "QWR") pursuant to 12 USC§ 2605 (e)

However it is my belief that you are concealing your identity as a debt collector, to portray the image of a

mortgagee or servicer to which you are neither. OCWEN LOAN SERVICING, LLC, is a "debt collector"

pursuant to 15 USC§ 1692a(6), 15 USC§ 1681n and California Rosenthal Act 1788.

Be advised the above named person is " consumer" as the term is defined in 15 USC§1692a(3), FDCPA,

and California Rosenthal Act (herein after " CRA") 1788.2(g)(h), Upon information and belief your company

is attempting to collect a " debt" pursuant to 15 USC§1692a (5), California Rosenthal Act. Based upon

documentary evidence available to me, your company appears to have obtained the alleged debt while in

default (the assignment or transfer), therefore your are not a" creditor" as defined in 15 USC§1692a(4),

California Rosenthal Act 1788.2(i).

1

CONSUMER NOTICE OF DISPUTE AND INTENT TO FILE SUIT

Based upon the information contained in your dunning notice, and my lack of knowledge of an established business relationship, and or written contract with your company, your alleged debt is hereby disputed in its entirely, including amount alleged to be due and owing.

Notwithstanding your company is considered a" debt collector" as defined by USC§1692a(6), California Rosenthal Act 1788.2(c),

In light of this fact, you are required to comply with all state and federal consumer protection laws.

In concluding, should your company continue collections of the alleged debt, prior to complying with the consumer protections statutes of this state and federal laws, suit may be filed against you without further notice.

Warmest Regards

Priscilla Macayan *Consumer Plaintiff*

Cc File: Dunning Letter from OCWEN LOAN SERVICING, LLC
Certifified Mail # _7013 - 2250 - 0000 - 6504 . 6079_

**2**
CONSUMER NOTICE OF DISPUTE AND INTENT TO FILE SUIT



**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ocwen Loan Servicing LLC
1661 Worthington Rd. Ste 100
West Palm Beach, Florida
33409

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X    EARL   HILL    ☐ Agent   ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7013 2250 0000 6504 6029

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**UNITED STATES POSTAL SERVICE**

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Priscilla Macayan
7036 Alden Creek Rd
Vallejo, CA 94591

# EXHIBIT "D"

**More dunning letter from defendant "OCWEN LOAN SERVICING, LLC" has submitted documents with various amounts alledgedly due by plaintiff.**

**8/26/15 WESTERN PROGRESSIVE, LLC Demanding $628,830.23**

EXHIBIT "D"

PO Box 9045
Temecula, CA 92589-9045

Send Correspondence to:
Western Progressive, LLC
Northpark Town Center
1000 Abernathy Rd NE: Bldg 400
Suite 200
Atlanta, GA 30328

9314 7100 1170 0824 8623 52

RETURN RECEIPT REQUESTED

20150831-88

PRISCILLA R MACAYAN
A/K/A PRISCILLA MACAYAN A/K/A P R MACAYAN
7036 ALDER CREEK ROAD
VALLEJO, CA 94591

CARecordedNTS-CAW_FLAT



EXHIBIT "D"

TS No.: 2014-03866-CA

RECORDING REQUESTED BY
Western Progressive, LLC



AND WHEN RECORDED MAIL TO:
Western Progressive, LLC
Northpark Town Center
1000 Abernathy Rd NE; Bldg 400, Suite 200
Atlanta, GA 30328

---

T.S. No.: 2014-03866-CA                   A.P.N.:0182-421-050
Property Address: 7036 ALDER CREEK ROAD, VALLEJO, CA 94591

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## NOTICE OF TRUSTEE'S SALE

**PURSUANT TO CIVIL CODE § 2923.3(a), THE SUMMARY OF INFORMATION REFERRED TO BELOW IS NOT ATTACHED TO THE RECORDED COPY OF THIS DOCUMENT BUT ONLY TO THE COPIES PROVIDED TO THE TRUSTOR.**

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED .

注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

### IMPORTANT NOTICE TO PROPERTY OWNER:

YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 05/13/2005. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.

Trustor: GUILLERMO A. MACAYAN AND PRISCILLA R. MACAYAN, HUSBAND AND WIFE
Duly Appointed Trustee: Western Progressive, LLC
Recorded 05/19/2005 as Instrument No. 200500073330 in book ---, page--- and of Official Records in the office of the Recorder of Solano County, California,
Date of Sale: 10/02/2015 at 10:30 AM
Place of Sale:      AT THE SANTA CLARA STREET ENTRANCE TO THE CITY HALL AT 555
                    SANTA CLARA STREET, VALLEJO, CA

Estimated amount of unpaid balance and other charges: $ 682,830.23        ) different amount in character)

15 . U.SC. 1692 (e)(2)



EXHIBIT "D"

TS No.: 2014-03866-CA

## NOTICE OF TRUSTEE'S SALE

WILL SELL AT PUBLIC AUCTION TO HIGHEST BIDDER FOR CASH, CASHIER'S CHECK DRAWN ON A STATE OR NATIONAL BANK, A CHECK DRAWN BY A STATE OR FEDERAL CREDIT UNION, OR A CHECK DRAWN BY A STATE OR FEDERAL SAVINGS AND LOAN ASSOCIATION, A SAVINGS ASSOCIATION OR SAVINGS BANK SPECIFIED IN SECTION 5102 OF THE FINANCIAL CODE AND AUTHORIZED TO DO BUSINESS IN THIS STATE:

All right, title, and interest conveyed to and now held by the trustee in the hereinafter described property under and pursuant to a Deed of Trust described as:

More fully described in said Deed of Trust.

Street Address or other common designation of real property: 7036 ALDER CREEK ROAD, VALLEJO, CA 94591
A.P.N.: 0182-421-050

The undersigned Trustee disclaims any liability for any incorrectness of the street address or other common designation, if any, shown above.

The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust. The total amount of the unpaid balance of the obligation secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is:
$ 682,830.23.

**If the Trustee is unable to convey title for any reason, the successful bidder's sole and exclusive remedy shall be the return of monies paid to the Trustee, and the successful bidder shall have no further recourse.**

The beneficiary of the Deed of Trust has executed and delivered to the undersigned a written request to commence foreclosure, and the undersigned caused a Notice of Default and Election to Sell to be recorded in the county where the real property is located.

**NOTICE TO POTENTIAL BIDDERS:** If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on this property.

EXHIBIT "D"

TS No.: 2014-03866-CA

### NOTICE OF TRUSTEE'S SALE

**Note:** Because the Beneficiary reserves the right to bid less than the total debt owed, it is possible that at the time of the sale the opening bid may be less than the total debt

**NOTICE TO PROPERTY OWNER:** The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call (866)-960-8299 or visit this Internet Web site http://www.altisource.com/MortgageServices/DefaultManagement/TrusteeServices.aspx using the file number assigned to this case 2014-03866-CA. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

> **Western Progressive, LLC, as Trustee for beneficiary**
> C/o 30 Corporate Park, Suite 450
> Irvine, CA 92606
> Automated Sale Information Line:  (866) 960-8299
> http://www.altisource.com/MortgageServices/DefaultManagement/TrusteeServices.aspx
>
> For Non-Automated Sale Information, call: (866) 240-3530

Date: August 19, 2015

_____
Camisha Scott Trustee Sale Assistant

WESTERN PROGRESSIVE, LLC MAY BE ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.

15 US 1692(e)11 — mini miranda Warning
False Misleading Representation in Communication

15 USC 1692(a)6 debt collector



# Exhibit "E"

## OFFERS TO PAY AND MAILING RECEIPTS

**Priscilla R Macayan**
**c/o 7036 Alder Creek Road**
**Vallejo, California [94591]**

# NOTICE OF DEFAULT AND OPPORTUNITY TO CURE
# WITH NEW GOOD-FAITH OFFER TO PAY
# THE TOTAL AMOUNT DUE

April 25, 2012

To: Bank of America
 Brian Moynihan  (President/ CEO)
 400 National Way
 Simi Valley, CA 93065


Ocwen Loan Servicing , LLC
 Ronald M. Faris (President/ CEO)
 1661 Worthington Road Suite 100
 West Palm Beach, Florida 33409


RE: Loan/Account No. 7130791051  for 7036 Alder Creek Road  Vallejo, California 94591

### NOTICE TO PRINCIPAL IS NOTICE TO AGENT.
### NOTICE TO AGENT IS NOTICE TO PRINCIPAL.

To all related lenders, servicers, and trustees, c/o  Ronald M. Faris  President/ CEO  of OCWEN LOAN SERVICING , LLC

I, the undersigned, Priscilla R Macayan some time ago, made a good-faith OFFER TO PAY THE TOTAL AMOUNT DUE in the form of an Electronic Funds Transfer (EFT) Instrument. It is well documented that your officers, agents, or employees failed, refused, or neglected to either accept it, or reject it, according to well-settled Uniform Commercial Code (UCC) and American Jurisprudence procedures.

OFFER TO PAY THE TOTAL AMOUNT DUE - Priscilla Macayan

*File Copy*

*25 pages*

"Pursuant to 12 USC 2605(e) Section 6 of RESPA (Real Estate Settlement Procedures Act) this OFFER TO PAY is to be considered as a QUALIFIED WRITTEN REQUEST (QWR)"

Under the American laws of Presentment, I am hereby presenting you with my DUE PROCESS NOTICE OF DEFAULT AND OPPORTUNITY TO CURE.

Due to the large amount of cash involved, and the need for accuracy, this new Good-Faith OFFER TO PAY THE TOTAL AMOUNT DUE, is lawfully made with the reasonable condition of your Presentment to the undersigned, of an itemized and Verified PAYOFF STATEMENT, including any and all, principal, interest, taxes, insurance, late fees, penalties, escrow fees, and/or other charges actually due and payable on a future date set certain.

I also need the actual street address wherein I can bring the total amount of cash due, to exchange for my *original* Trust Deed or Mortgage and Promissory Note in order to lawfully complete and finalize this transaction.

If this final transaction is to be held at a third-party escrow company, I will also need to know their name, address, and phone number to be able to fulfill my part of the obligation in this good-faith final transaction.

I am also requesting that this material information be presented to me within a reasonable ten (10) days as **TIME IS OF THE ESSENCE**.

Sincerely,

**Priscilla Macayan**

OFFER TO PAY THE TOTAL AMOUNT DUE - Priscilla Macayan

**U.S. Postal Service**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com™

## OFFICIAL USE

| | |
|---|---|
| Postage | $ 0.46 |
| Certified Fee | 3.10 |
| Return Receipt Fee (Endorsement Required) | 2.55 |
| Restricted Delivery Fee (Endorsement Required) | — |
| Total Postage & Fees | $ 6.11 |

Postmark Here
4/26/13

Sent To Ocwen Loan Servicing
Street, Apt. No.; or PO Box No. 1661 Worthington Rd # 100
City, State, ZIP+4 West Palm Beach, FL 33405

7011 1570 0003 1402 8437

PS Form 3800, August 2006          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ocwen Loan Servicing, LLC
Attn: Ronald M. Faris
1661 Worthington Road Ste 100
West Palm Beach, FL 33409

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
E A R L     H I L L

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No
A G E N T

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☒ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label)
7011 1570 0003 1402 8437

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540



**O C W E N**

May 2, 2013

Priscilla R. Macayan
7036 Alder Creek Road
Vallejo, CA 94591

RE:     OLS Loan No.:          7130791051

Dear Ms. Macayan:

The Office of the Consumer Ombudsman would like to thank you for your recent correspondence regarding the above referenced loan. This office will review the servicing of the loan in relation to the issues raised.  It is our goal to complete this review within ten (10) business days from receipt of your correspondence.

If the servicing of the loan was assigned, sold or transferred to Ocwen from a prior servicer, we may be required to obtain information concerning the loan from the prior servicer.  The process of obtaining this information takes time, but we are committed to responding within the aforementioned ten (10) business day period.

Upon completion of our review, we will provide a written response.

Sincerely,

Office of the Consumer Ombudsman
Ocwen Loan Servicing, LLC
NMLS # 1852

P.O. Box 785061, Orlando, FL 32878-5061
Telephone: (800) 390-4656    Fax: (866) 771-5152

This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose.  However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.

**Priscilla  R  Macayan**
c/o 7036 Alder Creek Road
Vallejo, California [94591]

## NEW NOTICE OF DEFAULT AND OPPORTUNITY TO CURE, WITH NEW GOOD-FAITH OFFER TO PAY THE TOTAL AMOUNT DUE

"NOD2"
May 10, 2013

To:
    Bank of America
    Brian Moynihan  (President/ CEO)
    400 National Way
    Simi Valley, CA 93065

✓ Ocwen Loan Servicing , LLC
    Ronald M. Faris (President/ CEO)
    1661 Worthington Road Suite 100
    West Palm Beach, Florida 33409

RE: Loan/Account No..7130791051  for 7036 Alder Creek Road  Vallejo, California 94591

### NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT
### NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL

To all related lenders, servicers, and trustees, c/o   Ronald M. Faris  the President and CEO of :   Ocwen Loan Servicing , LLC

    I, the undersigned,  Priscilla R Macayan ,hereby again, makes another good-faith OFFER TO PAY THE TOTAL AMOUNT DUE.

    "Pursuant to 12 USC 2605(e) Section 6 of RESPA (Real Estate Settlement Procedures Act) this OFFER TO PAY is to be considered as a QUALIFIED WRITTEN REQUEST (QWR)"

    Under the American laws of Presentment, I am hereby presenting you with my DUE PROCESS NOTICE OF DEFAULT AND OPPORTUNITY TO CURE.

OFFER TO PAY THE TOTAL AMOUNT DUE - Priscilla Macayan

Due to the large amount of cash involved, and the need for accuracy, this new Good-Faith OFFER TO PAY THE TOTAL AMOUNT DUE, is lawfully made with the reasonable condition of your Presentment to the undersigned, of an itemized and Verified PAYOFF STATEMENT, including any and all, principal, interest, taxes, insurance, late fees, penalties, escrow fees, and/or other charges actually due and payable on a future date set certain.

Again, I also need the actual street address wherein I can bring the total amount of cash due, to exchange for my *original* Trust Deed or Mortgage and Promissory Note in order to lawfully complete and finalize this transaction.

Again, if this final transaction is to be held at a third-party escrow company, I will also need to know their name, address, and phone number to be able to fulfill my part of the obligation in this good-faith final transaction.

Again, I am also requesting that this material information be presented to me within a reasonable ten (10) days as **TIME IS OF THE ESSENCE.**

Sincerely,

Priscilla R Macayan

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

# OFFICIAL USE

| | |
|---|---|
| Postage | $ 0.46 |
| Certified Fee | 3.10 |
| Return Receipt Fee (Endorsement Required) | 2.55 |
| Restricted Delivery Fee (Endorsement Required) | — |
| Total Postage & Fees | $ 6.11 |

Postmark Here

5-10-13

Sent To: Ocwen Loan Servicing c/o R. Ferio
Street, Apt. No.; or PO Box No. 1661 Worthington Rd Ste 100
City, State, ZIP+4 West Palm Beach, Fl 33405

7011 1570 0003 1402 8451

PS Form 3800, August 2006          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ocwen Loan Servicing, LLC
Attn: Ronald M. Faris
1661 Worthington Road Ste 100
West Palm Beach, FL 33409

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____     ☐ Agent
                       ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

AGENT

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☒ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number (Transfer from service label)
7011 1570 0003 1402 8451

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

## Priscilla R Macayan
### c/o 7036 Alder Creek Road
### Vallejo, California [94591]

## NOTICE OF DEFAULT AND OPPORTUNITY TO CURE
## WITH NEW GOOD-FAITH OFFER TO PAY
## THE TOTAL AMOUNT DUE

"NOD3"
May 23, 2013

To: Bank of America
   Brian Moynihan (President/ CEO)
   400 National Way
   Simi Valley, CA 93065

✓   Ocwen Loan Servicing , LLC
   Ronald M. Faris (President/ CEO)
   1661 Worthington Road Suite 100
   West Palm Beach, Florida 33409

RE: Loan/Account No. 7310791051 for 7036 Alder Creek Road  Vallejo, California 94591

### NOTICE TO PRINCIPAL IS NOTICE TO AGENT.
### NOTICE TO AGENT IS NOTICE TO PRINCIPAL.

To all related lenders, servicers and trustees, c/o Ronald M. Faris  the President and CEO of :   Ocwen Loan Servicing , LLC

     I, the undersigned,  Priscilla R Macayan , hereby again, makes another good-faith OFFER TO PAY THE TOTAL AMOUNT DUE.

     "Pursuant to 12 USC 2605(e) Section 6 of RESPA (Real Estate Settlement Procedures Act) this OFFER TO PAY is to be considered as a QUALIFIED WRITTEN REQUEST (QWR)"

     Under the American laws of Presentment, I am hereby presenting you with my DUE PROCESS NOTICE OF DEFAULT AND OPPORTUNITY TO CURE.

     Due to the large amount of cash involved, and the need for accuracy, this new

COPY

Good-Faith OFFER TO PAY THE TOTAL AMOUNT DUE, is lawfully made with the reasonable condition of your Presentment to the undersigned, of an itemized and Verified PAYOFF STATEMENT, including any and all, principal, interest, taxes, insurance, late fees, penalties, escrow fees, and/or other charges actually due and payable on a future date set certain.

Again, I also sincerely believe that I have a right to see court admissible evidence that would prove that all Trust Deed and Promissory Note transfers from the original lender to the last purchaser were lawfully endorsed as required by law, rendering the last purchaser as the "holder in due course," and not merely a "holder," and thus has lawful standing to foreclose.

Again, I also need the actual street address wherein I can bring the total amount of cash due, to exchange for my *original* Trust Deed or Mortgage and Promissory Note in order to lawfully complete and finalize this transaction.

Again, if this final transaction is to be held at a third-party escrow company, I will also need to know their name, address, and phone number to be able to fulfill my part of the obligation in this good-faith final transaction.

Again, I am also requesting that this material information be presented to me within a reasonable ten (10) days as **TIME IS OF THE ESSENCE.**

Sincerely,

_____
Priscilla R Macayan

**Priscilla R Macayan**
**c/o 7036 Alder Creek Road**
**Vallejo, Califonia[94591]**

OFFER TO PAY THE TOTAL AMOUNT DUE - Priscilla Macayan

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com.

## OFFICIAL USE

| | |
|---|---|
| Postage | $ 0.46 |
| Certified Fee | 3.10 |
| Return Receipt Fee (Endorsement Required) | 2.55 |
| Restricted Delivery Fee (Endorsement Required) | — |
| Total Postage & Fees | $ 6.11 |

Postmark Here  5/23/13

Sent To: Ocwen Loan Servicing LLC
Street, Apt. No.; or PO Box No. 1661 Worthington Rd. Ste 100
City, State, ZIP+4 West Palm Beach, Fl 33409

7011 1570 0003 1402 8482

PS Form 3800, August 2006           See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ocwen Loan Servicing LLC
ATTN: Ronald M. Faris
1661 Worthington Road Ste 100
West Palm Beach, FL 33409

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent  ☐ Addressee

B. Received by (Printed Name)  EARL HILL   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

   2013

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7011 1570 0003 1402 8482

PS Form 3811, February 2004       Domestic Return Receipt       102595-02-M-1540

# NOTICE OF DEFAULT AND OPPORTUNITY TO CURE
# WITH NEW GOOD-FAITH OFFER TO PAY
# THE TOTAL AMOUNT DUE

"NOD4"
June 8, 2013

To: Bank of America
Brian Moynihan  (President/ CEO)
400 National Way
Simi Valley, CA 93065

Ocwen Loan Servicing , LLC
Ronald M. Faris (President/ CEO)
1661 Worthington Road Suite 100
West Palm Beach, Florida 33409

RE: Loan/Account No. 7130791051   for 7036 Alder Creek Road  Vallejo, California 94591

## NOTICE TO PRINCIPAL IS NOTICE TO AGENT.
## NOTICE TO AGENT IS NOTICE TO PRINCIPAL.

To all related lenders, servicers and trustees, c/o Ronald M. Faris  the President and
CEO of :   Ocwen Loan Servicing , LLC

I, the undersigned,   Priscilla R Macayan , hereby again, makes yet another good-faith OFFER TO PAY THE TOTAL AMOUNT DUE.

"Pursuant to 12  USC  2605(e) Section 6 of RESPA (Real Estate Settlement Procedures Act) this OFFER TO PAY is to be considered as a QUALIFIED WRITTEN REQUEST (QWR)"

Under the American laws of Presentment, I am hereby presenting you with my DUE PROCESS NOTICE OF DEFAULT AND OPPORTUNITY TO CURE.

Due to the large amount of cash involved, and the need for accuracy, this new Good-Faith OFFER TO PAY THE TOTAL AMOUNT DUE, is lawfully made with the reasonable condition of your Presentment to the undersigned, of an itemized and Verified PAYOFF STATEMENT, including any and all, principal, interest, taxes, insurance, late fees, penalties, escrow fees, and/or other charges actually due and

OFFER TO PAY THE TOTAL AMOUNT DUE - Priscilla Macayan

payable on a future date set certain.

Again, I also sincerely believe that I have a right to see court admissible evidence that would prove that all Trust Deed or Mortgage, and Promissory Note transfers from the original lender to the last purchaser were lawfully endorsed as required by law, rendering the last purchaser as the "holder in due course," and not merely a "holder," and thus has lawful standing to foreclose.

I also sincerely believe that I am entitled to see admissible evidence that will prove all document endorsements were not signed by people who were actually known as Robo-signers.

Again, I also need the actual street address wherein I can bring the total amount of cash due, to exchange for my *original* Trust Deed or Mortgage and Promissory Note in order to lawfully complete and finalize this transaction.

Again, if this final transaction is to be held at a third-party escrow company, I will also need to know their name, address, and phone number to be able to fulfill my part of the obligation in this good-faith final transaction.

Again, I am also requesting that this material information be presented to me within a reasonable ten (10) days as **TIME IS OF THE ESSENCE.**

Sincerely,

_____

Priscilla R Macayan


**Priscilla R Macayan**
c/o 7036 Alder Creek Road
Vallejo, California [94591]

## NOTICE OF DEFAULT AND OPPORTUNITY TO CURE WITH NEW GOOD-FAITH OFFER TO PAY

OFFER TO PAY THE TOTAL AMOUNT DUE - Priscilla Macayan



**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | | | |
|---|---|---|---|
| Postage | $ | $0.46 | 0418 |
| Certified Fee | | $3.10 | 04 |
| Return Receipt Fee (Endorsement Required) | | $2.55 | |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 | |
| Total Postage & Fees | $ | $6.11 | 06/10/2013 |

Sent To  Ocwen Loan Servicing LLC
Street, Apt. No.; or PO Box No.  1661 Worthington Rd Ste 100
City, State, ZIP+4  West Palm Beach, FL 33409

7011 1570 0003 1402 8550

PS Form 3800, August 2006          See Reverse for Instructions

## THE TOTAL AMOUNT DUE

"NOD5"
   June 22, 2013

To:   Bank of America;
      Brian Moynihan  (President/ CEO)
      400 National Way
      Simi Valley, CA 93065

/  Ocwen Loan Servicing , LLC
   Ronald M. Faris (President/ CEO)
   1661 Worthington Road Suite 100
   West Palm Beach, Florida 33409

RE: Loan/Account No. **7310791051 for 7036 Alder Creek Road  Vallejo, California 94591**

### NOTICE TO PRINCIPAL IS NOTICE TO AGENT.
### NOTICE TO AGENT IS NOTICE TO PRINCIPAL.

To all related lenders, servicers and trustees, c/o Ronald M. Faris  the President and
CEO of :   Ocwen Loan Servicing , LLC

       I, the undersigned,  Priscilla R Macayan , hereby again, makes still another good-
faith OFFER TO PAY THE TOTAL AMOUNT DUE.

       "Pursuant to 12 USC 2605(e) Section 6 of RESPA (Real Estate
Settlement Procedures Act) this OFFER TO PAY is to be considered
as a QUALIFIED WRITTEN REQUEST (QWR)"

       Under the American laws of Presentment, I am hereby presenting you with my
DUE PROCESS NOTICE OF DEFAULT AND OPPORTUNITY TO CURE.

       Due to the large amount of cash involved, and the need for accuracy, this new
Good-Faith OFFER TO PAY THE TOTAL AMOUNT DUE, is lawfully made with the
reasonable condition of your Presentment to the undersigned, of an itemized and
Verified PAYOFF STATEMENT, including any and all, principal, interest, taxes,
insurance, late fees, penalties, escrow fees, and/or other charges actually due and
payable on a future date set certain.

       Again, I also sincerely believe that I have a right to see court admissible evidence

OFFER TO PAY THE TOTAL AMOUNT DUE - Priscilla Macayan

that would prove that all Trust Deed and Promissory Note transfers from the original lender to the last purchaser were lawfully endorsed as required by law, rendering the last purchaser as the "holder in due course," and not merely a "holder," and thus has lawful standing to foreclose.

Again, I also sincerely believe that I am entitled to see admissible evidence that will prove all document endorsements were not signed by people who were actually known as Robo-signers.

I also sincerely believe that I am entitled to see admissible evidence that will prove all endorsements were signed by people who had lawfully delegated authority to endorse such documents.

Again, I also need the actual street address wherein I can bring the total amount of cash due, to exchange for my *original* Trust Deed or Mortgage and Promissory Note in order to lawfully complete and finalize this transaction.

Again, if this final transaction is to be held at a third-party escrow company, I will also need to know their name, address, and phone number to be able to fulfill my part of the obligation in this good-faith final transaction.

Again, I am also requesting that this material information be presented to me within a reasonable ten (10) days as **TIME IS OF THE ESSENCE.**

Sincerely,

Priscilla R Macayan

OFFER TO PAY THE TOTAL AMOUNT DUE – Priscilla Macayan

**U.S. Postal Service**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ 0.46 |
| Certified Fee | $ 3.10 |
| Return Receipt Fee (Endorsement Required) | $ 0.55 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 6.11 |

Postmark Here
6/28/13

7011 1570 0003 1402 8458

Sent To
Ocwen Loan Servicing LLC
ATTN: Ronald M. Faris
1661 Worthington Road Ste 100
West Palm Beach, FL 33409

PS Form

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ocwen Loan Servicing LLC
ATTN: Ronald M. Faris
1661 Worthington Road Ste 100
West Palm Beach, FL 33409

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )  EARL NTC   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number  7011 1570 0003 1402 8550
   (Transfer from service label)

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540



OCWEN *Loan Servicing, LLC*
*P.O. Box 785063*
*Orlando, FL 32878-5063*
*(Do not send any correspondence or payment to the above address)*                 WWW.OCWEN.COM

June 28, 2013

Priscilla R. Macayan

7036 Alder Creek Road
Vallejo, CA 94591

RE: Loan Number:      7130791051
Property Address:  ·  ·  ·  7036 Alder Creek Rd
                     Vallejo, CA 94591

Dear Priscilla R. Macayan :

OCWEN would like to take this opportunity to thank you for your recent communication regarding the above referenced loan. We appreciate the time and effort on your part to bring your concern to our attention. Pursuant to your concern, we have reviewed the loan and below is the recap of our response to the concern raised:

**Concern#1** You provided us with RESPA Qualified Written Request and requested us to provide assistance to payoff the loan. Further, you also requested us to provide you with a proof indicating that Ocwen is the servicer of the above loan.

**Response**   The loan originated on May 13, 2005 for $530,480.00 with the first payment due on July 1, 2005. As Ocwen was not involved in the origination of the loan, Ocwen cannot comment on issues regarding the origination of the loan, and suggest that you contact the originator regarding those concerns.

Please note that, a Note or a partial interest in the Note may be sold one or more times without prior notice to the borrower. Such a sale might result in a change in the entity known as the 'Loan Servicer' that collects periodic payments due under the Note and Mortgage and performs other mortgage loan servicing obligations under the Note, Mortgage and Applicable Laws. Please note that we do not have any control over service transfer of loans. We acquired the servicing rights of the above loan from Bank of America on October 4, 2012, with the loan due for the September 1, 2008 payment.

Ocwen is obligated to service the loan in accordance with the terms of the Note and Mortgage signed by the borrower(s). A review of the Note indicates that both Guillermo A Macayan and you (Priscilla R Macayan) have signed it. Therefore, you both are responsible to satisfy the debt. As such, the above loan is valid.

You may obtain a copy of the loan documents for a fee. Please contact our Customer Care Center at (800) 746-2936 to remit the applicable fee and request the required loan documents.

Pursuant to your correspondence, we have submitted a request for a payoff quote good through July 27, 2013 to be mailed to borrower's attention. This will reflect the total amount required to payoff the loan as of the given good through date

Further, we have submitted a request for a copy of Assignment with this letter for your perusal. Please allow sufficient time for the receipt of this document.

Ocwen is the servicer of the loan, and not necessarily the owner of the loan. Although the ownership of the loan may change, the ownership has no bearing on the servicing of the loan. Ocwen is obligated to service the loan according to the terms and conditions of the loan documents executed by the borrowers. As the servicer of the loan, all issues

                                                                                RRCMAINLTRM.12      1

---

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*



*OCWEN Loan Servicing, LLC*
*P.O. Box 785063*
*Orlando, FL 32878-5063*
*(Do not send any correspondence or payment to the above address)*           <u>WWW.OCWEN.COM</u>

regarding the loan should be forwarded to Ocwen for an appropriate response.

As of the date of this letter, the loan is due for the September 1, 2008 payment. For any further questions or concerns regarding the loan, you may contact our Customer Care Center at (800) 746-2936.

We trust the information provided has fully addressed your concern. Please visit our website (www.ocwen.com) which is available 24 hours a day, seven days a week, as many of the answers to your account specific questions may be found there. However, should you have any further questions in regards to this issue, please contact our Research Department at (800) 241-9960. If after speaking with our Research Department you still have questions or concerns, please feel free to contact the OCWEN consumer advocate by email through OCWEN's website or by phone at (800) 390-4656. You may also send written correspondence to the following address:

Ocwen Loan Servicing, LLC
Attention: Research Department
P.O. Box 24736
West Palm Beach, FL 33416-4736

Sincerely,


Bindu Gopinath
Research Department
Ocwen Loan Servicing, LLC

RRCMAINLTRM.12   2

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

Loan Number:7130791051                                                        NMLS # 1852

Ocwen Loan Servicing, LLC
1661Worthington Road, Suite 100
West Palm Beach, FL 33409

OCWEN

WWW.OCWEN.COM

06/27/13

## PAYOFF QUOTE

Priscilla R. Macayan
7036 Alder Creek Road

Vallejo  CA  94591

Loan Number: 7130791051
Customer Name(s): Guillermo Macayan
Property Address: 7036 Alder Creek Rd, Vallejo, CA 94591

As requested, the following is a breakdown of the payoff funds due on or before 07/27/13. **Property taxes or insurance payments that come due may still be paid after this quote is issued.**

| Description | Amount Due |
|---|---|
| Principal | 529,706.38 |
| Interest | 81,302.45 |
| Escrow Advance | 26,998.74 |
| Property Inspection Fee | 84.00 |
| Miscellaneous Recording | 16.00 |
| Projected Property Inspection Fee | 10.50 |
| Projected Certified Mail Expenses | 6.58 |
| Satisfaction Cost | 45.00 |
| Payoff Fee | 30.00 |
| Delivery / Mail Cost | 34.00 |
| Fee/Recording | 33.00 |
| Posting | 320.00 |
| Publication | 2,076.54 |
| Title Reports | 825.00 |
| Late Charges | 513.18 |
| **Total Amount Due** | **$642,001.37** |

| | |
|---|---|
| Next Due Date | 09/01/08 |
| Quoted Date | 06/27/13 |
| Payoff Quote Expiration Date | 07/27/13 |
| Grace Period End Date | 06/17/13 |
| | |
| Original Principal Balance | $530,480.00 |
| Per Diem | $73.57 |
| Additional Late Charge * | $52.42 |

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

NMLS # 1852

Ocwen Loan Servicing, LLC.
1661 Worthington Road, Suite 100
West Palm Beach, FL 33409

WWW.OCWEN.COM

* Please add this amount to the payoff funds, if paying on or after the grace period end date.

Given below is a breakdown of the interest that is shown above in the amount of $81,302.45 due on or before 07/27/2013. Please note that interest is generally charged in arrears. On a normal amortizing loan, the current month's payment will include the interest charges for the previous month. The unpaid principal balance is not the payoff amount.

| From | To | Interest Amount | Interest Rate | Principal Bal. | Daily Per Diem | # Days |
|------|-----|-----------------|---------------|----------------|----------------|--------|
| 08/01/08 | 08/31/08 | 2,207.11 | 5.00 | 529,706.38 | 73.57033100 | 30 |
| 09/01/08 | 09/30/08 | 2,207.11 | 5.00 | 529,706.38 | 73.57033100 | 30 |
| 10/01/08 | 10/31/08 | 2,207.11 | 5.00 | 529,706.38 | 73.57033100 | 30 |
| 11/01/08 | 11/30/08 | 2,207.11 | 5.00 | 529,706.38 | 73.57033100 | 30 |
| 12/01/08 | 12/31/08 | 2,262.29 | 5.13 | 529,706.38 | 75.40958900 | 30 |
| 01/01/09 | 01/31/09 | 2,262.29 | 5.13 | 529,706.38 | 75.40958900 | 30 |
| 02/01/09 | 02/28/09 | 2,262.29 | 5.13 | 529,706.38 | 75.40958900 | 30 |
| 03/01/09 | 03/31/09 | 2,262.29 | 5.13 | 529,706.38 | 75.40958900 | 30 |
| 04/01/09 | 04/30/09 | 2,262.29 | 5.13 | 529,706.38 | 75.40958900 | 30 |
| 05/01/09 | 05/31/09 | 2,262.29 | 5.13 | 529,706.38 | 75.40958900 | 30 |
| 06/01/09 | 06/30/09 | 1,600.15 | 3.63 | 529,706.38 | 53.33849000 | 30 |
| 07/01/09 | 07/31/09 | 1,600.15 | 3.63 | 529,706.38 | 53.33849000 | 30 |
| 08/01/09 | 08/31/09 | 1,600.15 | 3.63 | 529,706.38 | 53.33849000 | 30 |
| 09/01/09 | 09/30/09 | 1,600.15 | 3.63 | 529,706.38 | 53.33849000 | 30 |
| 10/01/09 | 10/31/09 | 1,600.15 | 3.63 | 529,706.38 | 53.33849000 | 30 |
| 11/01/09 | 11/30/09 | 1,600.15 | 3.63 | 529,706.38 | 53.33849000 | 30 |
| 12/01/09 | 12/31/09 | 1,158.73 | 2.63 | 529,706.38 | 38.62442400 | 30 |
| 01/01/10 | 01/31/10 | 1,158.73 | 2.63 | 529,706.38 | 38.62442400 | 30 |
| 02/01/10 | 02/28/10 | 1,158.73 | 2.63 | 529,706.38 | 38.62442400 | 30 |
| 03/01/10 | 03/31/10 | 1,158.73 | 2.63 | 529,706.38 | 38.62442400 | 30 |
| 04/01/10 | 04/30/10 | 1,158.73 | 2.63 | 529,706.38 | 38.62442400 | 30 |
| 05/01/10 | 05/31/10 | 1,158.73 | 2.63 | 529,706.38 | 38.62442400 | 30 |
| 06/01/10 | 06/30/10 | 1,103.55 | 2.50 | 529,706.38 | 36.78516500 | 30 |
| 07/01/10 | 07/31/10 | 1,103.55 | 2.50 | 529,706.38 | 36.78516500 | 30 |
| 08/01/10 | 08/31/10 | 1,103.55 | 2.50 | 529,706.38 | 36.78516500 | 30 |
| 09/01/10 | 09/30/10 | 1,103.55 | 2.50 | 529,706.38 | 36.78516500 | 30 |
| 10/01/10 | 10/31/10 | 1,103.55 | 2.50 | 529,706.38 | 36.78516500 | 30 |
| 11/01/10 | 11/30/10 | 1,103.55 | 2.50 | 529,706.38 | 36.78516500 | 30 |
| 12/01/10 | 12/31/10 | 1,103.55 | 2.50 | 529,706.38 | 36.78516500 | 30 |
| 01/01/11 | 01/31/11 | 1,103.55 | 2.50 | 529,706.38 | 36.78516500 | 30 |
| 02/01/11 | 02/28/11 | 1,103.55 | 2.50 | 529,706.38 | 36.78516500 | 30 |
| 03/01/11 | 03/31/11 | 1,103.55 | 2.50 | 529,706.38 | 36.78516500 | 30 |
| 04/01/11 | 04/30/11 | 1,103.55 | 2.50 | 529,706.38 | 36.78516500 | 30 |
| 05/01/11 | 05/31/11 | 1,103.55 | 2.50 | 529,706.38 | 36.78516500 | 30 |
| 06/01/11 | 06/30/11 | 1,048.38 | 2.38 | 529,706.38 | 34.94590700 | 30 |
| 07/01/11 | 07/31/11 | 1,048.38 | 2.38 | 529,706.38 | 34.94590700 | 30 |
| 08/01/11 | 08/31/11 | 1,048.38 | 2.38 | 529,706.38 | 34.94590700 | 30 |
| 09/01/11 | 09/30/11 | 1,048.38 | 2.38 | 529,706.38 | 34.94590700 | 30 |
| 10/01/11 | 10/31/11 | 1,048.38 | 2.38 | 529,706.38 | 34.94590700 | 30 |
| 11/01/11 | 11/30/11 | 1,048.38 | 2.38 | 529,706.38 | 34.94590700 | 30 |
| 12/01/11 | 12/31/11 | 1,158.73 | 2.63 | 529,706.38 | 38.62442400 | 30 |
| 01/01/12 | 01/31/12 | 1,158.73 | 2.63 | 529,706.38 | 38.62442400 | 30 |
| 02/01/12 | 02/29/12 | 1,158.73 | 2.63 | 529,706.38 | 38.62442400 | 30 |

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

NMLS # 1852



Ocwen Loan Servicing, LLC
1661 Worthington Road, Suite 100
West Palm Beach, FL 33409                    WWW.OCWEN.COM

OCWEN

| From | To | Interest Amount | Interest Rate | Principal Bal. | Daily Per Diem | # Days |
|------|-----|-----------------|---------------|----------------|----------------|--------|
| 03/01/12 | 03/31/12 | 1,158.73 | 2.63 | 529,706.38 | 38.62442400 | 30 |
| 04/01/12 | 04/30/12 | 1,158.73 | 2.63 | 529,706.38 | 38.62442400 | 30 |
| 05/01/12 | 05/31/12 | 1,158.73 | 2.63 | 529,706.38 | 38.62442400 | 30 |
| 06/01/12 | 06/30/12 | 1,213.91 | 2.75 | 529,706.38 | 40.46368200 | 30 |
| 07/01/12 | 07/31/12 | 1,213.91 | 2.75 | 529,706.38 | 40.46368200 | 30 |
| 08/01/12 | 08/31/12 | 1,213.91 | 2.75 | 529,706.38 | 40.46368200 | 30 |
| 09/01/12 | 09/30/12 | 1,213.91 | 2.75 | 529,706.38 | 40.46368200 | 30 |
| 10/01/12 | 10/31/12 | 1,213.91 | 2.75 | 529,706.38 | 40.46368200 | 30 |
| 11/01/12 | 11/30/12 | 1,213.91 | 2.75 | 529,706.38 | 40.46368200 | 30 |
| 12/01/12 | 12/31/12 | 1,103.55 | 2.50 | 529,706.38 | 36.78516500 | 30 |
| 01/01/13 | 01/31/13 | 1,103.55 | 2.50 | 529,706.38 | 36.78516500 | 30 |
| 02/01/13 | 02/28/13 | 1,103.55 | 2.50 | 529,706.38 | 36.78516500 | 30 |
| 03/01/13 | 03/31/13 | 1,103.55 | 2.50 | 529,706.38 | 36.78516500 | 30 |
| 04/01/13 | 04/30/13 | 1,103.55 | 2.50 | 529,706.38 | 36.78516500 | 30 |
| 05/01/13 | 05/31/13 | 1,103.55 | 2.50 | 529,706.38 | 36.78516500 | 30 |
| 06/01/13 | 06/30/13 | 1,048.38 | 2.38 | 529,706.38 | 34.94590700 | 30 |
| 07/01/13 | 07/26/13 | 908.59 | 2.38 | 529,706.38 | 34.94590700 | 26 |

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

NMLS # 1852

*Ocwen Loan Servicing, LLC*
*1661 Worthington Road, Suite 100*
*West Palm Beach, FL 33409*

**WWW.OCWEN.COM**

1.  All payoff funds must be sent via certified funds such as: Wire Transfer, Cashier's Check, Certified Bank Check, Title Company Check or Attorney's Escrow Check. Items which are not certified will be returned and the payoff will not be processed.

2.  **Wire transfer is the preferred method of payment since it is faster, more convenient, and safer for our customers than other options. This method may mean less days of per diem interest that you have to pay on the loan being paid off, so it may end up being cheaper for you as well.** To make a wire transfer, all you need to do is visit your bank and ask how to perform this simple transaction. Most banks also provide this information on their internet website. Please include borrower last name, property address, and loan number on all remittances. All of the information you need to send a wire transfer to Ocwen is listed below:

| Make Payment To: | Ocwen Loan Servicing, LLC in Trust for Various Investors and Mortgagors |
|---|---|
| **Ocwen's Account Number:** | 4124823352 |
| **ABA Routing Number:** | 121000248 |
| **Ocwen's Bank Address:** | Wells Fargo Bank, NA |
|  | San Francisco, California |
| **Your Ocwen Loan Number:** | Ocwen Loan # 7130791051 |

3.  If you cannot send a wire transfer, please send the check by **Overnight Courier** to the following address (include all of the next line); Ocwen Loan Servicing, LLC; Attention: Cashiering/HRC Payoff Dept; 1661 Worthington Rd; Suite 100; West Palm Beach, FL 33409;. Reference: Ocwen Loan # 7130791051.
    Please see section 1 above for accepted check types. Always include your Ocwen loan number with your remittance.

4.  We reserve the right to correct any portion of this statement at any time. All balances are subject to change as a result of any transactions, which occur prior to the application of payoff funds. Accordingly, if Ocwen has received payment on this account within the prior thirty (30) days and applied those funds to the account for the issuance of this payoff quote and if for any reason those funds are reversed, including, but not limited to insufficient funds or a stop payment being placed on a check, this payoff quote is deemed invalid and a new payoff quote must be obtained from Ocwen to reflect the correct amount due and owing. Subsequent quotes will reflect the full amount due.

5.  Upon receipt of payoff funds, Ocwen will verify all amounts due and contact the issuer of the funds in the event of any discrepancies. In the event that the payoff funds received are less than the total amount necessary to satisfy the loan, Ocwen will return the funds and continue to accrue interest on the loan.

6.  Issuance of this statement does not suspend the contractual requirement to make loan payments when due. If payoff funds are received after the expiration of the grace period, if such a period is applicable to this loan, a late charge will be due. Payment of all late charges will be required to be paid prior to the application of any payoff funds and satisfaction of the Mortgage/Deed of Trust.

7.  Issuing this payoff statement will not stop future escrow disbursements. Property taxes or insurance may be paid after this quote is issued. If such disbursements create escrow advances and change the amount due to satisfy the loan, they must be paid prior to the application of any payoff funds and satisfaction of the Mortgage/Deed of Trust.

8.  If the account is past due, collection expenses and legal fees may be accruing. If this is an adjustable rate Note, the per diem may change prior to payoff.

9.  Upon receipt of the entire payoff amount, Ocwen will execute a release and discharge of the Deed of Trust/Mortgage and, if necessary, will file a withdrawal in connection with any legal action if it has been taken to collect this obligation.

10. Ocwen undertakes no obligation to investigate the circumstances surrounding the payoff of an account. As such, it is the customer's responsibility to notify Ocwen if the terms of the Note of Deed of Trust/Mortgage allow for waiver of the prepayment penalty in their circumstances and provide the requisite documentation to demonstrate waiver of a prepayment penalty in accordance with the terms of the Note or Deed of Trust/Mortgage. Such documentation must be provided to the Payoff Department at the address above within sixty (60) days following the date that the payoff was made.

11. If you have questions regarding this payoff quote, please contact our **Home Retention Department** at or by fax at (407) 737-5693.

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

*NMLS # 1852*



*Ocwen Loan Servicing, LLC*
*1661 Worthington Road, Suite 100*
*West Palm Beach, FL 33409*                               WWW.OCWEN.COM

12. If after speaking with your Home Retention Consultant, you still have questions or concerns, please feel free to contact the Ocwen consumer advocate at the address above, by email at Ombudsman@ocwen.com or by phone at (800) 390-4656.

13. Please visit Ocwen's website at www.ocwen.com to verify the social security number on file for the purposes of year-end tax reporting.

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

*NMLS # 1852*

*Ocwen Loan Servicing, LLC*
*P.O. Box 24737*
*West Palm Beach, FL 33416-4737*
*(Do not send any correspondence or payments to the above address)*          WWW.OCWEN.COM

June 28, 2013

Guillermo A. Macayan Priscilla R. Macayan

7036 Alder Creek Rd
Vallejo, CA 94591-0000

Loan Number:          7130791051
Property Address:     7036 Alder Creek Rd , Vallejo,        CA 94591-0000

Dear Borrower(s):

We have received your correspondence requesting research to be performed for the above referenced loan. It is Ocwen's policy to perform all research and provide a written response to you within twenty (20) days from the receipt of your letter.

Ocwen may need to contact you for further information in order to process your request. Ocwen will notify you if any additional information is required as we research the issue(s) stated in your request. Please direct any inquiries regarding your research request to the following address:

**Ocwen Loan Servicing, LLC**
**Research Department**
**P.O. Box 24736**
**West Palm Beach, FL 33416-4736**

Sincerely,

Research Department

7130791051                                                                                                   ACKNOWL.38

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

NMLS # 1852



**O C W E N**
7/9/2013

*Ocwen Loan Servicing, LLC*
HELPING HOMEOWNERS IS WHAT WE DO! ™
**WWW.OCWEN.COM**

Guillermo A Macayan
Priscilla R Macayan
7036 Alder Creek Rd
Vallejo, CA 94591

### Relationship Manager Notice

Loan Number:           7130791051
Property Address:      7036 Alder Creek Rd, Vallejo, CA 94591

Dear Customer:

Thank you for working with us to identify solutions for your loan. To better serve you during this time, Ocwen has assigned Eulisa Miranda to serve as your Relationship Manager throughout this process. Your Relationship Manager will be responsible for monitoring your account, making sure that we have all of your critical information and carefully reviewing your situation. While we hope that your Relationship Manager will be able to assist you in finding an alternative to foreclosure, the assignment of a relationship manager in itself will not delay or postpone any foreclosure action or sale.

### How We Communicate With You

You may already have an appointment scheduled to speak with your Relationship Manager. If not, <u>we will be contacting you within the next few days</u> to schedule an in-depth consultation to review your account status. At times, we may also send you mailed correspondence with account updates and other important information.

For your convenience, you can set up an appointment with your Relationship Manager at any time. To set up an appointment, simply call our Customer Care Center at (800)746-2936, Monday to Friday 8:00 am to 9:00 pm, Saturday 8:00 am to 5:00 pm and Sunday 9:00 am to 9:00 pm ET.

### How To Send In Documents

Your Relationship Manager also will track the documents you send to us, including documentation you have already provided. Please continue to email any requested documents and/or attachments to mod@ocwen.com, and be sure to include your name and loan number in your emails. Though email is the fastest way to send in documents, you can also fax them to (407) 381-6868 or mail them to us at:

Ocwen Loan Servicing, LLC<br>
Attn: Home Retention Department<br>
1661 Worthington Road, Suite 100<br>
West Palm Beach, FL 33409

The assignment of a relationship manager in itself will not delay or postpone any foreclosure action or sale.

We look forward to working with you.

Sincerely,

Ocwen Loan Servicing, LLC

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

*NMLS #:1852*

**OCWEN**

*Ocwen Loan Servicing, LLC*

HELPING HOMEOWNERS IS WHAT WE DO! ™

**WWW.OCWEN.COM**

## ALTERNATIVES TO FORECLOSURE

Ocwen offers a number of programs to assist you in avoiding foreclosure. Your Relationship Manager will be able to discuss these options with you in more detail. Here are some of these options:

1. MODIFICATION – A change to one or more terms of the original mortgage agreement. This may include a change in interest rate, loan balance or term, which may lower your payment and bring the account current.

2. HOME AFFORDABLE FORECLOSURE ALTERNATIVES PROGRAM (HAFA) If your mortgage payment is unaffordable and you are interested in transitioning to more affordable housing, you may be eligible for a short sale or deed-in-lieu of foreclosure through the federal government's HAFA program.

3. **LISTING YOUR PROPERTY FOR SALE** - By listing your property, you may receive a sale offer acceptable to both you and to Ocwen. The sale of your property could help you to avoid a foreclosure sale of your home.

4. DEED IN LIEU OF FORECLOSURE - If you do not wish to keep the property, then depending on your current financial situation Ocwen may accept the deed to the property and extinguish the debt, even if the property is worth less than the loan balance. The property title must be clear of any other liens.

You will be asked to send in documentation of your income and taxes, occupancy, other liens and judgments on the property, statement of the nature of your financial situation, legal authorizations and required declarations, and (in the case of short sales), sale documents. While we encourage you to complete your application documents as quickly as possible, the deadlines for returning your documents differ based on the resolution you are seeking, and the current status of your account. The table below outlines the deadlines for each of the required actions during the application process.

| Required Action | Timeline for Completion |
|---|---|
| Complete the Modification Application | 15 days from requesting or downloading the application (at least 7 business days prior to foreclosure sale date, if applicable) |
| Returning any missing Modification documents | 30 days from notification of missing documents (at least 7 business days prior to Foreclosure sale date, if applicable) |
| Returning any missing Short Sale or Deed In Lieu documents | 10 days from notification of missing documents |

*After these deadlines, we cannot guarantee that you will receive a resolution or be able to re-apply for a resolution, and we will continue any pending foreclosure proceedings on the property.*

### FOR ADDITIONAL ASSISTANCE:

#### *Financial Counseling Services*

When you are experiencing a financial hardship, counseling may be a way to help you manage your finances. We urge you to contact HUD approved agencies to obtain assistance in keeping your home. This assistance is available at no charge. For specific guidance on this notice or information related to the Home Affordable Modification Program, ask the counselor for MHA HELP.

| | | |
|---|---|---|
| **HUD Approved Housing Counseling:** | 1-800-569-4287 | www.HUD.gov |
| **HOPE Hotline Number:** | 1-888-995-4673 | |
| **Making Home Affordable Program:** | | www.makinghomeaffordable.gov |
| **Fannie Mae Assistance:** | | www.knowyouroptions.com |

#### *For Borrowers in New York:*

The New York State Banking Department website provides detailed information about    http://www.banking.state.ny.us/ programs and services that are available to you for information and assistance in avoiding foreclosure.

#### *For Borrowers in North Carolina:*

The North Carolina Commissioner of Banks website provides resources related to avoiding    http://www.nccob.gov/public/ foreclosure on the "Need Foreclosure Help?" page.

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

*NMLS #:1852*



**OCWEN**

*Ocwen Loan Servicing, LLC*
HELPING HOMEOWNERS IS WHAT WE DO! ™
WWW.OCWEN.COM

### Frequently Asked Questions for Transferred Accounts:

If your account has recently been transferred from another servicer to Ocwen, please refer to the FAQ below for information regarding modifications, short sales and other resolutions.

**I am currently on a trial modification plan. What do I do?**
*You should continue making your monthly payments as required in the modification plan, even if you have completed your making your trial payments. Your prior servicer will be providing Ocwen the status of your modification. Our goal is to review your loan as soon as possible and provide your final modification agreement to you once we have completed processing. Please follow up to 30 days from the date of the transfer for Ocwen to obtain and process your application documentation.*

**I just submitted my modification application to prior servicer, should I send this to Ocwen again?**
*Your prior servicer will be providing Ocwen with the status of your modification application and copies of your documentation. It is not necessary to re-send the documents to Ocwen at this time. Please allow up to 30 days from the date of the account transfer for Ocwen to process your application documentation and determine your eligibility. It is not necessary to call prior to 30 days as the agent will not have any additional information to provide to you.*

**I received a notice from my prior servicer that I was denied for the Making Home Affordable Program. I am still having financial difficulty, what can I do?**
*We may still be able to help you. We offer a number of specialized programs that can be designed to fit your situation. Please go www.ocwen.com for more information and download an application for assistance.*

**I received a notice from my prior servicer that they were missing documents for my modification but I have not sent them yet; do I send these documents to Ocwen now?**
*Yes, please send the documents to Ocwen via e-mail to mod@ocwen.com or fax the documents to (407) 737-6174. Your prior servicer will be providing Ocwen with the status of your modification (trial plan or initial application), copies of your initial application and information identifying the missing documentation. Please allow up to 30 days from the date you send the documentation for Ocwen to process your documentation.*

**I have a Short Sale or Deed in Lieu application pending with my prior servicer, do I have to resend all the documentation to Ocwen now and re-apply?**
*Your Prior Servicer will be providing Ocwen with the status of your pending resolution. If you have a pending foreclosure sale date or closing scheduled in the next 60 days, to expedite processing please resend the documentation by fax to (407) 737-5071. If you do not have a foreclosure sale or scheduled closing in the next 60 days, your prior service will be providing Ocwen the status of your pending resolution and Ocwen will be contacting you with a final approval or denial. Please allow Ocwen up to 30 days to process your Short Sale or Deed in Lieu application.*

**I received approval from my prior servicer for a Short Sale or Deed in Lieu; will this approval by honored by Ocwen?**
*Yes, it will be honored as long as you meet the original requirements or contingencies for approval provided by your prior servicer. With respect to Short Sales, please note that the original expiration date of your prior servicer's approval (the "good through" date) still applies and if it has expired, the approval is no longer valid. Your Prior Servicer will be providing these approval requirements to Ocwen.*

**I received approval from my prior Servicer for a Short Sale or Deed in Lieu, but the approval is going to expire shortly (or just expired) and my closing is after this day, what do I do?**
*You should fax your original approval documents and an updated net sheet or HUD-1 with the new projected closing date to (407) 737-5071. With respect to Short Sales, please note that the original expiration date of your prior servicer's approval (the "good through" date) still applies. Please note if there is a Foreclosure Sale scheduled on your account, we will not postpone the foreclosure sale.*

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

*NMLS #:1852*

1

2

3

### CERTIFICATE OF SERVICE

4

5 I certify that a copy of Summons and Complaint will be serve upon Defendants

6 listed below in compliance with FRCP Rule 4;

7

8 WESTERN PROGRESSIVE, LLC
  c/o R/A CT CORPORATION SYTEM

9 818 West Seventh St. 2nd Fl

10 Los Angeles, California 90017

11

12 OCWEN LOAN SERVICING, LLC
  c/o R/A CSC LAWYERS INCORPORATING SERVICE

13 2710 Gateway Oaks Ste.150N

14 Sacramento, California 95833

15

16

17

18 Dated:_____

19

20

21

22                              /s/_____

23

24

25

26

27

28

CSO STEVE VASQUEZ
4:30PM
MYRNA HILARIO
WAS HERE!
c/ 916-996-7918