ERIC D. HOUSER (SBN 130079)
JASON K. BOSS (SBN 228147)
HOUSER & ALLISON
A Professional Corporation
9970 Research Drive
Irvine, California 92618
Phone: (949) 679-1111
Fax: (949) 679-1112
Email: jboss@houser-law.com

Attorneys for Defendants OCWEN LOAN SERVICING, LLC and WESTERN PROGRESSIVE TRUSTEE, LLC, DBA WESTERN PROGRESSIVE, LLC

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO

| | |
|---|---|
| PRISCILLA MACAYAN,<br><br>　　　　　Plaintiff,<br>　　vs.<br><br>WESTERN PROGRESSIVE, LLC;<br>OCWEN LOAN SERVICING, LLC,<br><br>　　　　　Defendants. | Case No: 2:15-cv-2161-JAM-EFB (PS)<br><br>Hon. John A. Mendez<br><br>**DEFENDANTS OCWEN LOAN SERVICING, LLC'S ANSWER TO COMPLAINT**<br><br>Complaint filed: October 16, 2015 |

**TO THE HONORABLE COURT, PLAINTIFF PRISCILLA MACAYAN, AND/OR TO ALL OTHER INTERESTED PARTIES HEREIN:**

Defendant Ocwen Loan Servicing, LLC ("Ocwen" and/or "Defendant[1]") submits the following Answer to Plaintiff Priscilla Macayan's ("Plaintiff") Complaint filed on February 16, 2015.

///

---

[1] Ocwen and Western Progressive Trustee LLC, dba Western Progressive Trustee shall collectively be referenced as "Defendants".

ANSWER TO PLAINTIFF'S COMPLAINT
1

## INTRODUCTION

1.  Ocwen denies all allegations of the Complaint that are not specifically admitted herein.

## PARTIES

2.  Ocwen lacks sufficient information to admit or deny the allegation in the first sentence of paragraph 2 of the Complaint. As to the second sentence in paragraph 2 of Plaintiff's Complaint, it is a legal conclusion to which Ocwen is not obligated to respond; and to the extent the allegations differ from what is stated in the statutes and applicable law, Ocwen denies the same.

3.  Ocwen denies any conclusion that Western Progressive is a debt collector, particularly as it relates to Plaintiff. As to the last sentence of paragraph 3 of Plaintiff's Complaint, it is a legal conclusion to which Ocwen is not obligated to respond. Ocwen admits that Western Progressive Trustee, LLC DBA Western Progressive, LLC is a limited liability company and is informed and believes that it is formed under the laws of the state of Georgia and that its business is located in Atlanta, Georgia.

4.  As to the allegations and/or conclusions in paragraph 4 that Ocwen is a debt collector, it is a legal conclusion to which Ocwen is not obligated to respond and if it is obligated to respond, to the extent the allegations differ from what is stated in the statutes and applicable law, Ocwen denies the same. Ocwen is a limited liability company, with its principal place of business at 1661 Worthington Road, West Palm Beach, FL 33409. However, Ocwen denies that Ocwen was formed under the laws of the state of Florida.

## JURISDICTION AND VENUE

5.  Plaintiff's allegations in paragraph 5 of the Complaint contain legal conclusions to which Ocwen is not obligated to respond; and to the extent the allegations differ from what is stated in the statutes and applicable law, Ocwen denies the same. Ocwen lacks information and knowledge to admit or deny the

allegations related to the Plaintiff's residence as they are unaware if Plaintiff currently resides at the 7036 Alder Creek Road, Vallejo, CA 94591, the property securing the loan that is the subject of this litigation. Ocwen admits that the property that is secured by the loan that is the subject of this litigation is located in this judicial district. As to the conclusion that venue is proper, it is a legal conclusion and thus no answer is required of Ocwen.

## FACTUAL ALLEGATIONS

6.   Ocwen denies the allegations in paragraph 6 of the Complaint.

7.   Ocwen is unable to admit or deny the allegations in paragraph 7 as they are inconsistent with the documents attached as Exhibit A to the Complaint. Moreover, the documents and any other referenced notice and/or documents speak for themselves. To the extent the allegations differ from what is stated in the documents, Ocwen denies the same. As to Plaintiff's reference to the notice and/or documents as "dunning notice[s]", such a reference is a legal conclusion to which Ocwen is not obligated to respond; if it is obligated to respond, to the extent the allegations differ from what is stated in the statutes and applicable law, Ocwen denies the same. As to Plaintiff's allegation that "Plaintiff is without specific knowledge and evidence that supports the Defendants claims and allegations" in paragraph 7 of the Complaint, Ocwen lack information and knowledge to know what "claims and allegations" (if any) Plaintiff is referencing, let alone whether any such notice and/or documents include in any "claims and allegations," and thus cannot respond to such allegation; and deny such allegation on such basis.

8.   Ocwen admits that the Notice of Trustee Sale referenced in paragraph 8 of the Complaint was issued by Western Progressive. The Notice of Trustee Sale speaks for itself; and to the extent the allegations differ from what is stated in the document, Ocwen denies the same.   As to Plaintiff's reference to "§1692(e)(11)" and what must be put on all dunning notices (unclear what Plaintiff defines as a dunning notice), such a conclusion is a legal conclusion to

which Ocwen is not obligated to respond; if it is obligated to respond, to the extent the allegations differ from what is stated in the statute(s) and applicable law, Ocwen denies the same.  As to the last sentence of paragraph 8 of the Complaint, any case, particularly the case of *Mallory v. McCarthy & Holthus, LLP* referenced by Plaintiff, speaks for itself and contains legal conclusions to which Ocwen is not obligated to respond; if it is obligated to respond, to the extent the allegations differ from what is stated in the case(s) and applicable law, Ocwen denies the same.

9. The Notice of Validation of Debt letters referenced in paragraph 9 of the Complaint speak for themselves; to the extent the allegations differ from what is stated in the document, Ocwen denies the same.   To the extent, Plaintiff alleges that either defendant is a "debt collector," and as to the entire last 2 sentences of paragraph 9 of the Complaint (which begins "The notice required the Defendant…"), they are legal conclusions to which Ocwen is not obligated to respond, and the statute referenced speaks for itself; if it is obligated to respond, to the extent the allegations differ from what is stated in the statutes and applicable law, Ocwen denies the same.

10. Ocwen denies allegations in paragraph 10 of the Complaint.

11. Ocwen denies the allegations in the first sentence of paragraph 11 of the Complaint.  As to the rest of paragraph 11 of the Complaint, it contains legal conclusions to which Ocwen is not obligated to respond and the statute cited speaks for itself; if it is obligated to respond, to the extent the allegations differ from what is stated in the statutes and applicable law, Ocwen denies the same.

12. Plaintiff's Complaint has no paragraph 12.

13. Ocwen denies the allegations in the first two sentences of paragraph 13 of the Complaint.  As to the third sentence of paragraph 13 of the Complaint, any agreement speaks for itself; and to the extent the allegations differ from what is stated in the agreement, Ocwen denies the same.   As to the fourth sentence of

paragraph 13 of the Complaint (which extends onto pages 4 and 5 of the Complaint), the statute cited speaks for itself, and contains legal conclusions to which Ocwen is not obligated to respond; if it is obligated to respond, to the extent the allegations differ from what is stated in the statute and applicable law, Ocwen denies the same.

14. Ocwen denies the allegations in paragraph 14 of the Complaint.

15. Ocwen denies the allegations in the first sentence of paragraph 15 of the Complaint. The second sentence of paragraph 15 of the Complaint contains a legal conclusion to which Ocwen is not obligated to respond; if it is obligated to respond, to the extent the allegations differ from what is stated in the statutes and applicable law, Ocwen denies the same. Ocwen acknowledges that it is a loan servicer of Plaintiff's loan and that Western Progressive is the Trustee of Plaintiff's loan respectively. To the extent Plaintiff alleges Defendants are something different in paragraph 15, Ocwen denies such allegations. Moreover, the rest of paragraph 15 contains legal conclusions to which Ocwen is not obligated to respond and the statute cited speaks for itself; if it is obligated to respond, to the extent the allegations differ from what is stated in the statutes and applicable law, Ocwen denies the same.

16. Ocwen denies that Plaintiff has been damaged by Defendants and deny that Plaintiff is entitled to any damages as a result of any of Defendants' acts.

## FIRST CAUSE OF ACTION

## VIOLATION OF U.S.C. §1692, FAIR DEBT COLLECTIONS PRACTICES ACT

17. Ocwen incorporates its responses to paragraphs 1-16 above herein.

18. Ocwen incorporates its responses to paragraphs 1-17 above herein.

19. Paragraph 19 of Plaintiff's Complaint contains legal conclusions, to which Ocwen is not obligated to respond; if it is obligated to respond, to the extent

the allegations differ from what is stated in the statutes and applicable law, Ocwen denies the same.

20. Ocwen admits that Ocwen sent Plaintiff: a Mortgage Account Statement on September 16, 2015 which listed an amount due on the subject loan as $683,279.24, a Mortgage Account Statement on August 17, 2015 which listed an amount due on the subject loan as $680,227.56, and a Mortgage Account Statement on July 8, 2015 which listed an amount due on the subject loan as $678,863.67.  As to an August 26, 2015 letter, Ocwen is without information and knowledge to admit or deny that allegation and on such basis, denies the allegation.   That which is not admitted herein, is denied.  Also, these documents referenced herein speak for themselves; to the extent the allegations differ from what is stated in the documents, Ocwen denies the same.  As for the last sentence of paragraph 20 of the Complaint, Ocwen denies that allegation.

21. The documents and statutes referenced in paragraph 21 of the Complaint speak for themselves; to the extent the allegations differ from what is stated in the documents and statutes, Ocwen denies the same.   Moreover, Ocwen is not obligated to respond to the legal conclusions contained in paragraph 21 of the Complaint; if it is obligated to respond, to the extent the allegations differ from what is stated in the statutes and applicable law, Ocwen denies the same. Further, Ocwen denies that it has "failed to provide one scintilla of proof of their alleged debt", as alleged in paragraph 21 of the Complaint.  Finally, any communications between Plaintiff and the Defendants speak for themselves; andto the extent the allegations differ from what is stated in the statutes and applicable law, Ocwen denies the same.

22. Ocwen denies the allegations in paragraph 22 of the Complaint.

23. Ocwen denies the allegations in paragraph 23 of the Complaint.

24. Ocwen denies the allegations in paragraph 24 of the Complaint.

25. Paragraph 25 of the Complaint is unintelligible.  Thus, Ocwen is

unable to respond to paragraph 25; and on such basis, denies paragraph 25. To the extent the allegations contain legal conclusions, Ocwen is not obligated to respond; if it is obligated to respond, to the extent the allegations differ from what is stated in the statutes and applicable law, Ocwen denies the same.  Moreover, to the extent the allegations reference any particular documents (because of the unintelligibility of paragraph 25, it is unclear if that is case), the documents speaks for themselves; and to the extent the allegations differ from what is stated in the documents, Ocwen denies the same.

26.   Any assignment referenced in paragraph 26 of the Complaint speaks for itself; and to the extent the allegations differ from what is stated in the assignment, Ocwen denies the same.

27.   What Plaintiffs seek, as alleged in paragraph 27 of the Complaint, speaks for itself.  As to whether Plaintiff is entitled the judicial determination and/or relief stated in paragraph 27 of the Complaint, Ocwen denies that Plaintiffs are entitled to such relief and/or judicial determination(s).

28.   Ocwen denies that Plaintiff is entitled to the relief and/or determinations stated in paragraph 28 of the Complaint.

29.   Ocwen denies the allegations in paragraph 29 of the Complaint.

30.   Ocwen denies the allegations in paragraph 30 of the Complaint.

31.   Ocwen denies the allegations in paragraph 31 of the Complaint.  To the extent, any of the allegations in paragraph 31 of the Complaint calls for a legal conclusion, Ocwen is not obligated to respond; if it is obligated to respond, to the extent the allegations differ from what is stated in applicable law, Ocwen denies the same.

32.   Ocwen denies the allegations in paragraph 32 of the Complaint.

///

///

///

## SECOND CAUSE OF ACTION

## GOOD FAITH OFFERS TO PAY IGNORED

NO PARAGRAPH NUMBERS- statements contained on page 10, line 27- page 13, line 6 of the Complaint:  The allegations in this section are largely unintelligible.  Thus, Ocwen denies the same.  To the extent the allegations contain legal conclusions, Ocwen is not obligated to respond. To the extent the allegations reference any particular documents (if any such documents exist), the documents speaks for themselves.  To the extent any of the allegations differ from what is stated in the documents, Ocwen denies the same.  Further, to the extent Plaintiff alleges that any of the referenced documents "caused the alleged Loan to be completely and totally Discharged [*sic*]" and/or "Discharged AGAIN", Ocwen denies such allegations.

## OFFER TO PAY

## Full Faith and Credit – Memorandum of Law

## Uniform Commercial Code, Section 603(b)

NO PARAGRAPH NUMBERS INCLUDED IN COMPLAINT (from page 13, line 10 through page 19, line 24 – The statutes and/or law cited on these pages speak for themselves and Ocwen is not obligated to respond; if it is obligated to respond, to the extent the allegations differ from what is stated in the statutes and applicable law, Ocwen denies the same.

33.   Paragraph 33 of the Complaint contains legal conclusions to which Ocwen is not obligated to respond; and to the extent the allegations differ from what is stated in applicable law, Ocwen denies the same.

34.   Paragraph 34 of the Complaint contains legal conclusions to which Ocwen is not obligated to respond; and to the extent the allegations differ from what is stated in applicable law, Ocwen denies the same.

35.   Paragraph 35 of the Complaint contains legal conclusions to which Ocwen is not obligated to respond.  The cases cited speak for themselves, and to

the extent Plaintiff's explanation and/or summary of those cases is anything but what is actually stated in said cases, Ocwen denies such allegations. To the extent a further response is required, if Plaintiff's allegations differ from applicable law, Ocwen denies the same.

36. Paragraph 36 of the Complaint contains legal conclusions to which Ocwen is not obligated to respond. The cases cited and/or treatises speak for themselves, and to the extent Plaintiff's explanation and/or summary of those cases and/or treatises is anything but what is actually stated in said cases and/or treatises, Ocwen denies such statements.

37. Paragraph 37 of the Complaint contains legal conclusions to which Ocwen is not obligated to respond. It appears to be a quote from "Black't [*sic*] Law Dictionary", which speaks for itself, and to the extent Plaintiff's quotation is anything but what is actually stated in the referenced source, Ocwen denies such statements.

38. Paragraph 38 of the Complaint contains legal conclusions to which Ocwen is not obligated to respond. It appears to be a quote from "Black's Law Dictionary", which speaks for itself, and to the extent Plaintiff's quotation is anything but what is actually stated in the referenced source, Ocwen denies such statements.

## PRAYER FOR RELIEF

Ocwen denies Plaintiff is entitled to any of the relief requested in the Complaint.

## AFFIRMATIVE DEFENSES

In addition, Ocwen alleges the following separate and additional affirmative defenses to Plaintiff's Complaint:

///

///

///

## FIRST AFFIRMATIVE DEFENSE

### (Failure to Name Indispensable Party)

The Complaint is missing a necessary and indispensable party, co-borrower on the subject loan Guillermo Macayan (and/or his heirs and/or assigns [if any]). As a result, a complete adjudication of Plaintiff's claims cannot be determined.

## SECOND AFFIRMATIVE DEFENSE

### (Any Claimed Irreparable Harm and/or Immediacy
### [F.R.C.P. Rule 65] is Plaintiff's Own Doing)

Any irreparable harm or immediacy claimed by Plaintiff is of her own doing, as she has repeatedly been in default on the loan since and has been in default on her loan for over seven (7) years. Plaintiff has known about forthcoming foreclosure proceedings and that she has been in default on the loan for many years, yet did nothing to address their default. Consequently, any claimed irreparable harm is due to Plaintiffs' admitted delay and failure to address their default; not any of the Defendants' actions. *Mission Power Engineering Co. v. Continental Casualty Co.* (C.D. Cal. 1995) 883 F.Supp. 488, 493.

## THIRD AFFIRMATIVE DEFENSE

### (Waiver, Estoppel, and/or Laches)

As a separate and distinct affirmative defense to the Complaint, Plaintiff's Complaint is barred by one or more of the doctrines of waiver, estoppel, and/or laches. As a result of Plaintiff's conduct, representations and/or omissions, Plaintiff has waived, relinquished and/or abandoned, and are equitably estopped to assert, any claim for relief against Defendants as alleged in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

### (Default by Plaintiffs)

As a separate and distinct affirmative defense to the Complaint, Plaintiff's claims are precluded by Plaintiff's failure to perform under the loan contract(s) that is the subject of the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

As a separate and distinct affirmative defense to the Complaint, Plaintiff's claims against Defendants are barred by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Barred under the doctrines of Res Judicata, Collateral Estoppel, and/or Judicial Estoppel)

As a separate and distinct affirmative defense to the Complaint, one or more of Plaintiff's claims are barred under the doctrines of res judicata, collateral estoppel, and/or judicial estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

### (Plaintiff Lacks Standing to Challenge Securitization of the Loan, Defendants' Positions in Relation to the Loan, and/or Compliance with the Pooling and Servicing Agreement(s) and/or any other Agreement to Which Plaintiff is Not a Party)

To the extent Plaintiff attempts to challenge any of the Defendants' positions in relation to the loan (and/or the transfer of the loan and/or the appointment of Western Progressive as a trustee), the securitization of the loan, and/or compliance with the pooling and servicing agreement (PSA) and/or any other agreement to which Plaintiff is not a party, Plaintiff lacks standing to do so. *Jenkins v. JPMorgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497 and *In re Davies* (9th Cir 2014) 565 Fed App'x 630, 633.

## EIGHTH AFFIRMATIVE DEFENSE

### (The Subject Loan is Not Subject to the Fair Debt Collection Practices Act ("FDCPA"))

A residential mortgage loan is not a "debt" under the statutes upon which Plaintiff has filed this case and "the FDCPA does not apply to foreclosure activities," as alleged here by Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

### (Defendants are not debt collectors under the FDCPA)

One or more of the Defendants are not "debt collectors" under the FDCPA.

## TENTH AFFIRMATIVE DEFENSE

### (Bona Fide Error)

Should it be found that there is a violation of the FDCPA, Ocwen is not liable as any such violation was not intentional and resulted from a bona fide error, even though reasonable procedures designed to prevent such errors were in place.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Lack of Damages)

Plaintiff has not sustained any damages as a result of any of the Defendants acts and/or omissions.

## TWELFTH AFFIRMATIVE DEFENSE

### (PLAINTIFF'S CLAIMS ARE IS TIME-BARRED)

Plaintiff's claims, most particularly here FDCPA cause of action, is time-barred. 15 U.S.C. § 1692k(d).

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Tender/Offer of Restoration)

To the extent Plaintiff's claims herein, most particularly her broadly referenced references to "offers to pay", are in any way an effort and/or basis to rescind the loan, such claims are barred because Plaintiffs have failed to restore the funds lent and/or comply with their other requirements under 15 U.S.C. 1635(b) and/or other applicable law, and/or failed to tender the loan amounts received. *Yamamoto v. Bank of New York* (2003) 329 F. 3d 1167, 1173.

///

///

///

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Lack of Compliance with Statutory Requirements to Rescind Loan)

To the extent Plaintiff's claims herein, most particularly her broadly referenced references to "offers to pay", are in any way an effort and/or basis to rescind the loan, such claims are barred because Plaintiffs have failed to comply with the statutory requirements which would permit such a rescission. i.e. 15 U.S.C. §1635 et. seq. and 12 CFR §226.1 et. seq.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Lack of Prejudice)

Plaintiff has suffered no prejudice as a result of Defendants' alleged actions and omissions, if any.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Plaintiff would be unjustly enriched if given the relief and/or remedies sought in the Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Any recovery and/or remedies sought by Plaintiff should be offset or barred due to Plaintiff's failure to mitigate.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Each cause of action asserted against Defendants fails to state facts sufficient to constitute a cause of action against Defendants. Federal Rules of Civil Procedure Rule 12(b)(6).

## NINTEENTH AFFIRMATIVE DEFENSE

### (Plaintiff not entitled to punitive damages – claims "arise from contract")

Plaintiff is not entitled to punitive damages because each of her claims "arise from contract." Calif. Civil Code §3294; *Middlebrook-Anderson Co. v.*

1  *Southwest Sav. & Loan Assn.* (1971) 18 Cal.App.3d 1023, 1038; and *Contractor's*
2  *Safety Ass'n v. Cal. Comp. Ins. Co.* (1957) 48 Cal.2d 71.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Lack of Oppression, Fraud or Malice and Certainly No Oppression, Fraud or Malice Committed by and/or ratified by a corporate leader of each Defendant)

There has not been no act of oppression, fraud, or malice committed by Ocwen and/or no oppression, fraud, or malice committed by and/or and ratified by a corporate leader of Ocwen.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Reservation of Right to Assert Additional, Yet Unstated, Affirmative Defenses)

As a separate and distinct affirmative defense to the Complaint, Ocwen reserves the right to assert additional defenses which cannot now be articulated due to Plaintiff's failure to particularize their claims and/or due to Ocwen's lack of knowledge of the circumstances surrounding Plaintiff's claims. Ocwen further alleges that at this time, it has insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available. Ocwen also reserves the right to assert all affirmative defenses set forth in Federal Rules of Civil Procedure Rule 8(c). Upon further particularization of the claims by Plaintiff or upon discovery of further information concerning Plaintiff's claims, Ocwen expressly reserves the right to assert additional defenses at a later time.

///
///
///
///
///

**WHEREFORE,** Ocwen prays for judgment as follow:

1. Plaintiff take nothing by way of her Complaint;
2. Judgment be entered in favor of Ocwen and Defendants;
3. For attorneys' fees and costs of suit incurred herein; and
4. For such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

Dated: November 13, 2015　　　**HOUSER & ALLISON, APC**

By: /s/ Jason K. Boss
Jason K. Boss
Eric D. Houser
Attorneys for Defendants
OCWEN LOAN SERVICING, LLC and WESTERN PROGRESSIVE TRUSTEE, LLC, DBA WESTERN PROGRESSIVE, LLC